## ANN E. TAYLOR v. EMSLEY HARRIS.

A plea to a *scire facias* to revive a judgment, that at the time of its rendition the defendant was a married woman, and that her husband did not consent to the arbitration, upon the award in which the judgment was founded, held not sufficient.

A plea of this nature, in a proceeding of this kind, should have stated, in the shape of a cross action, all such facts as were necessary to show affirmatively, that the judgment should not have been rendered against her.

The rule, that in an action on a judgment no defence can be admitted which existed prior to the judgment, relates to such matters as would render the judgment defective, erroneous, or voidable, but not to such as would render the judgment absolutely void.

The object of a *scire facias*, to revive a judgment for money, is to procure the process of execution.

The facts stated, to-wit : her coverture and the want of her husband's consent, would under some circumstances be sufficient, under others not.

Error from Lamar.   Tried below before Hon. W. S. Todd.

Suit by *scire facias* to revive a judgment rendered upon an award by arbitrators.

The plaintiff in error answered, that " said judgment is rendered upon an agreement made and entered into as between the said plaintiff and this defendant, upon which said agree-

Taylor v. Harris.

ment the arbitrators made their award, which award was made the judgment of the Court. Defendant says and charges, that at the time of making said agreement to arbitrate, she was incapable in law of making or entering into the same, being then and at the time of the making thereof· a feme covert, the wife of Joseph P. Taylor, since deceased, and who never gave his assent or sanction to the same ; " and that the agreement, the award and the judgment were void, &c.

To this answer the defendant in error excepted, and the exception was sustained.

This ruling of the Court is embodied in a bill of exceptions. There was a judgment of revivor.

*Mills & Mills*, for plaintiff in error, cited Hemingway v. Matthews, (10 Tex. R. 207 ;) Kavanaugh v. Brown, (1 Tex. R. 481.)

*J. A. N. Murray*, for appellee. I. The judgment on the award was final and conclusive, and as the same was not appealed from cannot now be enquired into. (16 Tex. R. 574.)

II. A petition for *scire facias*, to revive a judgment, is not necessary. (Hopkins v. Howard, 12 Tex. R. 7.)

ROBERTS, J. Defendant in error sought by *scire facias* to revive a judgment against plaintiff in error, who pleaded her coverture at the time judgment was rendered, and that her husband did not consent to the arbitration upon the award in which the judgment was founded. The Court below held her plea insufficient.

In the case of Bullock v. Ballew, it is said that "in an action on a judgment no defence can be admitted which existed prior to the judgment." (9 Tex. R. 498.) This rule relates to such matters as would render the judgment defective or erroneous, or voidable, but not to such as would render the judg-

ment absolutely void. (Hopkins v. Howard, 12 Tex. R. 7 ; McFadden v. Lockhart, 7 Tex. R. 573.) Her act done under coverture may be voidable, and though her coverture would excuse her not having made her defence at the time the judgment was rendered, yet until such judgment is avoided, set aside, or annulled, by some proceeding, she cannot resist the enforcement of process upon such judgment. (North v. Howard, 5 Tex. R. 297.)

The object of this proceeding by *scire facias*, is to procure the process of execution. (Bullock v. Ballew, 9 Tex. R. 499, 500.)

If it should be thought permissible to entertain a plea of this nature in this proceeding, it would have been incumbent on her to have stated, in the shape of a cross-action, all such facts as were necessary to show, affirmatively, that the judgment should not have been rendered against her. This she has not done. The facts stated by her, to-wit : her coverture, and the want of her husband's consent, would, under some circumstances, be sufficient, under others not.

The exceptions to the plea were properly sustained.

Judgment is affirmed.

Judgment affirmed.