## S. H. NEWMAN v. HUGH J. MACKEY.

### Decided November 2, 1904.

**1.—Action of Debt—Judgment by Default—Citation.**

The fact that a citation served on a defendant did not bear the seal of the court, but was in all other respects good, while it would be ground for quashing the citation or reversal on appeal or writ of error of a judgment rendered by default for nonappearance, does not, however, render the proceedings in which the judgment was obtained void, and the omission of the seal is not a defense to an action of debt brought on such judgment.

**2.—Same—Judgment—Collateral Attack.**

That a judgment is void because the citation served in the proceedings in which it was obtained did not bear the seal of the court is a collateral attack and not available as a defense to an action of debt brought on such judgment.

Appeal from the district court of El Paso. Tried below before Hon. A. M. Walthall.

*M. W. Stanton,* for appellant.—1. The trial court erred in its conclusions of law in finding and holding that the attack made by the defendant in his pleadings upon the proceedings and judgment sued upon is a direct attack and not a collateral attack upon said proceedings and judgment; in that such attack is not made in any manner or proceeding provided by law, and such conclusion of law is not sustained by the findings of fact. Batts' Civ. Stat., arts. 1375, 1383, 2991; Crawford v. McDonald, 88 Tex. 630; 33 S. W. Rep., 325; Templeton v. Ferguson, 89 Texas, 47, 57; 33 S. W. Rep., 329; Taylor v. Harris, 21 Texas, 438; Gilbrough v. Stahl B. Co., 91 Texas, 621; 45 S. W. Rep., 383; Fitch v. Boyer, 51 Texas, 344; Trope v. Gordon, 43 S. W. Rep., 323; Vanfleet on Col. Att., secs. 2 to 16; 12 Am. & Eng. Ency. of Law, 147 J; Kleyla v. Hackett, 112 Ind., 515, 14 N. W. Rep., 387; Harmon v. Moore, 112 Ind., 221; 13 N. W. Rep., 718; Pope v. Harrison, 16 Lea, 82; Morrill v. Morrill, 20 Ore., 96; Thomas v. Ireland, 88 Ky., 581; 11 S. W. Rep., 653; People v. Harrison, 84 Cal., 607; Lyons v. Roach, 84 Cal., 28.

2. As to effect of want of seal: Moore v. Perry, 35 S. W. Rep., 838; Crane v. Blum, 56 Texas, 325; Talcott v. Rosenberg, 3 Daley, 203; Lewis v. Brewer, 51 Me., 108 and 81 Me. 427; 44 Me., 55; 15 Ohio State, 537; Smith v. Smith, 15 N. H., 55; Ambler v. Leach, 15 W. Va., 677; Vanfleet's Col. Att., secs, 347-355, 361, 367, 371, 373, 468, 477, 488, 489.

*Dean, Bowden & Bryan,* for appellee.

NEILL, Associate Justice.—This is an action of debt brought by appellant against the appellee on the judgment described in our conclusions of fact. As a defense appellee, defendant below, pleaded that the citation served upon him in the case wherein the judgment sued upon was obtained did not have affixed thereto the seal of the District Court of El Paso County, and was therefore void; and the District Court had no jurisdiction to render such judgment, and that the same is for that reason likewise void.

As the question raised by this part of the answer is in our opinion the only one necessary to a decision of this case, we deem it unnecessary to state any other matters plead by either party.

The case was tried by the court without a jury and the trial resulted in a judgment in favor of the defendant.

The facts found by the trial judge necessary to a decision of this question are as follows:

"1. That on the 11th day of January, A. D. 1893, at the January term of the District Court of El Paso County, Texas, in the case of S. H. Newman, plaintiff, v. Hugh J. Mackey, defendant, No. 1726, the plaintiff, S. H. Newman, recovered a judgment by default against the said defendant, wherein it appears that the plaintiff appeared by his attorney, J. W. Wright, and as recited in said judgment, 'the defendant comes neither in person nor by attorney, though heretofore duly and

legally served with the citation herein, but wholly makes default,' and plaintiff thereupon asked default against defendant for want of appearance and answer therein, and the same was entered against the defendant, Hugh J. Mackey, and on the same day the court proceeded to hear the evidence adduced by the plaintiff in said cause, and being fully advised in the premises found that the defendant, Hugh J. Mackey, was indebted to the plaintiff, S. H. Newman, in the sum of $819.97, and it was by the court decreed in the usual form that the said plaintiff have and recover of and from the defendant the sum of $819.97, together with interest thereon from the date of said judgment at the rate of 12 per cent per annum, for which execution was awarded, and it was further ordered that the plaintiff take nothing on his claim for attorney's fees, and that execution issue against the parties respectively for the costs incurred by them. A true copy of said judgment is annexed to plaintiff's first amended original petition, marked Exhibit A, and made a part thereof, and reference is made thereto for same.

"2. That on the 26th day of October, A. D. 1892, the petition in said cause No. 1726 in the District Court of El Paso County, Texas, was filed in said cause, and on November 1, 1892, a citation was issued in said cause in the usual form addressed to Hugh J. Mackey, requiring him to appear before said District Court at the next regular term thereof to be holden at the courthouse in the city of El Paso on the first Monday in January, A. D. 1893, then and there to answer the plaintiff's petition filed in a suit in said court on the 26th day of October, 1892, wherein S. H. Newman was plaintiff and Hugh J. Mackey was defendant, and that the file number of said suit was 1726, and said citation further stated that the nature of plaintiff's demand is as follows, to wit: 'Suit on a certain promissory note of date December 20, 1888,' without further statement, and the said citation required the sheriff to deliver to the said defendant, Hugh J. Mackey, in person a true copy of said citation and to make his return showing how the same was executed, and the said citation was dated and attested as follows: 'Given under my hand and the seal of said Court at office in El Paso, Texas, this the 1st day of November, A. D. 1892. Attest: J. A. Escajeda, clerk District Court El Paso County, Texas, by J. Marr, deputy;' but no seal of said Court or of any kind was affixed or attached to said citation, and on the back thereof was indorsed, 'File No. 1726. District Court of El Paso County, Texas, January term, 1893. S. H. Newman v. Hugh J. Mackey. Citation.' 'Issued 1st November, 1893, J. A. Escajeda, clerk District Court, by J. Marr, deputy.' 'Filed 3d day of January, 1893, J. A. Escajeda, clerk, by ——— deputy.' That as shown by the sheriff's return thereon the same came to the hands of the sheriff of El Paso County, Texas, on the 1st day of Nevember, A. D. 1892, at 8 o'clock p. m., and was executed the 2d day of November, A. D. 1892, by delivering to Hugh J. Mackey, the within named defendant, in person a true copy of this writ, and said return is signed by H. R. Hillebrand, sheriff of El Paso County, Texas.

"3. That the petition was filed in said cause No. 1726 of S. H. Newman, plaintiff, against Hugh J. Mackey, on the 26th day of October, 1892, by the clerk of the District Court of El Paso County, Texas, and

is on a note for $559, said note bearing date December 20, 1888, alleged to have been executed by defendant to plaintiff, bearing interest at the rate of 12 percent per annum, providing for 10 percent attorneys' fees, and alleged to have been transferred by plaintiff to Byron Sherman, and said petition also shows said note was protested and claims protest fees of $5.50, and contains a prayer for judgment for said debt, costs and general relief, and to the petition is attached a copy of the note with indorsements. A true copy of said petition with said note and indorsements are set out in the second subdivision of the fourth paragraph of plaintiff's first supplemental petition, reference to which is here made for same.

"4. That the note sued upon in the original cause No. 1726, bears date December 20, 1888, is for the sum of $559, due ninety days after date, waives grace and protest, and purports to have been executed for value received, and has the name Hugh J. Mackey (or G.) signed thereto and is payable to S. H. Newman, and provides for 12 percent per annum interest, together with all costs and expenses incurred, and attorneys fees of 10 percent should judicial proceedings be used for collection. Said note is indorsed by S. H. Newman and made payable to Bryon Sherman and is indorsed for collection by Byron Sherman, but said indorsements have all been erased. That said note was protested in due form on the 21st day of March, 1889, by William Crosby, notary public of El Paso County, Texas, and said protest was made for nonpayment.

"5. That an execution was issued on the 19th day of June, 1894, by the clerk of the District Court of El Paso County, Texas, upon the said judgment in cause No. 1726, but it incorrectly recites that said judgment was recovered on the 11th day of January, 1894, instead of the 11th day of January, 1893. The execution is in the usual form, with certified cost bill showing costs amounting to the sum of $7.75. The return on said execution shows that the same came to the hands of the sheriff on the 19th day of June, 1894, and was returned on the 10th day of August, 1894, nulla bona, by F. B. Simmons, sheriff of said county."

These facts are established by the undisputed testimony.

Upon these facts, the trial judge concluded, as a matter of law, that the paper designated as a "citation" in cause No. 1726, was absolutely void, and that the District Court of El Paso County, Texas, acquired no jurisdiction over the person of the defendant, Hugh J. Mackey, in said cause, and that the judgment therein rendered (which is the one here sued on) was therefore void.

As before intimated, the only question necessary for us to decide is the correctness of this conclusion. If this conclusion be correct, it is needless for us to enter upon a consideration of the vexed question as to what constitutes a direct or collateral attack on a judgment, either domestic or foreign; for if a judgment is void, it is in legal effect no judgment at all. It is a mere *brutum fulmen* by which no rights are divested and from which none can be obtained; it neither binds nor bars anyone. All acts performed under it and claims flowing out of it are void. It is good nowhere and is bad everywhere. It can be attacked directly or collaterally or in any other way, by anybody and everybody,

Freem. on Judg., sec. 117; Graham v. East Texas, etc., Co., 50 S. W. Rep., 579, and authority cited; Earl v. McVeigh, 91 U. S., 503.

A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law. Vanf. on Col. At., sec. 2. Or in other words, as is said by the Supreme Court in Crawford v. Mc-Donald, 88 Texas, 630, "a direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc."

"A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness; or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect, etc."

It would seem from these definitions that the ground upon which the judgment sued upon is questioned is one for a direct attack, and that the attack made is collateral.

"In order to make a judgment void collaterally, either (1) a legal organization of the tribunal, or (2) jurisdiction over the subject matter, or (3) jurisdiction over the person must be wanting; or (4) one or more of these matters must have been lost after it once existed. When either of these defects can be shown, the judgment, and all rights and titles founded thereon, are void, even in the hands of a bona fide purchaser." It is not questioned that all of these matters, except the third, are present in the judgment sued upon. The question then is, is it apparent from the facts found by the trial judge respecting the record in the case in which the judgment was rendered, that jurisdiction over the persons of the defendant therein was wanting?

It has been seen that the validity of the judgment sued on is questioned upon the ground that the seal of the court was not affixed to the citation served on the defendant in that case. The true rule concerning process and service, collaterally, both at law and in equity, is that if information be given sufficient to warn defendant that a judicial proceeding is pending against him in a particular court, and the proof of service is sufficient for the court to infer that he has such information, the proceedings by default will not be void. Vanf. on Col. At., secs. 329, 347.

Upon the face of the citation, the validity of which is questioned, appear all the essential requisites of completeness except the seal of the court. The information given defendant was as full as it would have been had the seal been affixed. He was warned that a judicial proceeding was pending against him in the District Court of El Paso County, of the date the petition was filed, the file number of the suit, the names of all the parties and the nature of plaintiff's demand. If he required further information to make his defense, to obtain such information he had only to step into the clerk's office where the petition was on file, see and read it. But "there is no one so blind as those who will not see."

It is true the citation was defective, and the defendant could have appeared and taken advantage of it *in limine,* by motion to quash, or he might, upon appeal or writ of error, have obtained a reversal of the judgment rendered by default. Frosch v. Schlumpf, 2 Texas, 422; Burleson v. Henderson, 4 Texas, 49; Imlay v. Brewster, 3 Texas Civ. App., 103. But the omission of a seal from a citation does not make the proceedings in which the judgment was obtained void. Crane v. Blum, 56 Texas, 325; Krug v. Davis, 85 Ind., 309; Moore v. Perry, 13 Texas Civ. App., 210, 35 S. W. Rep., 840.

In the case last cited, it is said by Chief Justice Garrett: "Plaintiffs herein had notice of the suit against them, and, as they were served only with a copy of citation, which did not contain the seal of the court, they were not aware that service on them was ever defective. Although the citation was issued without the seal of the court it was defective only, and was sufficient to bring defendants into court, and the judgment by default was not void but was conclusive against the defendants and could have been set aside and reversed only on appeal or writ of error." That case was before the court on a bill of review to set aside a judgment rendered against the plaintiffs therein in a suit wherein they were defendants upon the ground that the seal of the court was not affixed to the citation, a copy of which was served on them in the case. And it seems to us that the decision is conclusive of the question under consideration. For the rule is well settled that in an action on a judgment no defense is admissible which relates to matters rendering the judgment defective, erroneous or voidable, but only such as render it void. Taylor v. Harris, 21 Texas, 438; Nichols v. Debrell, 61 Texas, 541; see note to Friersin v. Harris, 94 Am. Dec., p. 239, last paragraph on the page.

Thus it is clearly demonstrated that the omission of the seal from the citation did not render the judgment sued on void, and that the trial court erred in entertaining the defense, and in holding that, because of such omission, the judgment is a nullity. The attack made on it, upon the ground stated, can not be considered direct but must be deemed collateral, and therefore not available in this action.

Therefore, the facts being undisputed, the judgment of the District Court is reversed and set aside, and judgment is here rendered in favor of appellant for amount due on the judgment, principal and interest.

*Reversed and rendered.*

Application for writ of error dismissed for want of jurisdiction.