DEVEREAUX *v.* JANES.

GUARDIAN AND WARD—SPECIAL GUARDIAN—APPOINTMENT—JURISDICTION—NOTICE OF APPLICATION.

A probate order appointing a special guardian, which recites that, "on reading and filing the petition" praying for the appointment of a special guardian, the special guardian was appointed, shows that the order was made without notice and therefore without jurisdiction, since the statute (§ 8710, 3 Comp. Laws) authorizing the appointment of a special guardian prescribes that it shall be "upon such notice as" the court shall direct.

Certiorari to Shiawassee; Smith, J. Submitted June 15, 1905. (Docket No. 19.) Decided September 19, 1905.

Habeas corpus proceedings by William Devereaux, special guardian of Lyman H. Janes, against Charles A. Janes and Emma Janes to obtain the custody of his ward. There was an order dismissing the writ, and petitioner brings certiorari. Affirmed.

*Fred R. Everett* (*Dooling & Kelley*, of counsel), for appellant.

*A. G. Shepard* (*Watson & Chapman*, of counsel), for appellees.

MONTGOMERY, J.   This is certiorari to review the decision of the circuit judge dismissing a writ of habeas corpus, sued out by the petitioner and plaintiff in error to obtain custody of Lyman H. Janes, who is alleged to be the petitioner's ward.   The petition sets out the proceedings before the probate court in part, from which it appears that a petition for the appointment of a special guardian was made on December 14, 1904, and that the same day an order appointing a special guardian was entered in the following terms:

" On reading and filing the petition, duly verified, of J. Porter Janes, praying, for reasons therein set forth, that William Devereaux may be appointed special guardian of said Lyman H. Janes, to collect, take care of, preserve, and manage said estate until a general guardian can be appointed, and it appearing to the satisfaction of the court that said estate requires immediately care and attention, and that it is necessary that a special guardian should be appointed for the purpose aforesaid, and that said William Devereaux is a competent and suitable person to execute said trust:

" It is therefore ordered that said William Devereaux be, and he is hereby, appointed special guardian of said Lyman H. Janes, with full power and authority to collect, take care of, preserve, and manage said estate, under the order and direction of the court, until a general guardian shall be appointed or until discharged by said court."

The question presented at the outset is whether there was jurisdiction to make the order.   If there was not jurisdiction, the order cannot confer any rights upon petitioner.   *Partello* v. *Holton*, 79 Mich. 372.   It is urged by petitioner that there is a presumption that the necessary steps were taken to give jurisdiction.   The statute (3 Comp. Laws, § 8710) authorizes an appointment of a special guardian by the probate judge " upon such notice

as he shall direct." Whatever the presumption may be in case the record fails to show the fact, we think it would be doing violence to the recitations of this order to say either that there was notice or that the record is silent on the subject. The order was made on the same day that the petition was filed, and, more than this, the order recites that the order was made "on reading and filing the petition." This language fairly imports that simultaneously with the filing of the paper which put the court in motion the order appointing a special guardian was made, thus negativing any presumption of notice which might otherwise arise.

The order of the circuit judge is affirmed.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.