**McCOY et al. v. LONG. (Motion No. 8621; No. 1017—4922.)**

Commission of Appeals of Texas, Section B. June 5, 1929.

For former opinion, see 15 S.W.(2d) 234.

James M. Robertson and H. J. Cureton, both of Meridian, for plaintiffs in error.

W. V. Dunnam and J. A. Kibler, both of Waco, for defendant in error.

SPEER, J. ▉ Plaintiffs in error urge specially that we erred in our original opinion in holding that the evidence of the plaintiff alone was sufficient to support the finding and the judgments that the deed to Mrs. McCoy was taken in trust for the benefit of plaintiff. The motion insists that as a matter of law the uncorroborated testimony of the beneficiary in the supposed trust will not support a judgment establishing a parol trust in a deed absolute in form such as that here involved.

Many authorities are cited by plaintiffs in error, most of which go to the extent only of declaring that clear, convincing, and satisfactory evidence will be required to establish a parol trust as against a deed absolute. But this is only a rule for weighing evidence which no one doubts, and is beside the question presented for reconsideration. In some of the authorities cited there is language which lends color to plaintiffs in error's contention. This is notably true of Pierce v. Fort, 60 Tex. 464, and Keller v. Keller (Tex. Civ. App.) 141 S. W. 581 (writ denied).

The Pierce-Fort Case involved an issue whether a deed absolute in form was in truth a mortgage, and the trial court instructed the jury as follows: "I furthermore charge you that the law will not warrant you in finding the deed a mortgage, unless the fact that it was intended to be such be proven by at least two witnesses, or by one witness and strong corroborating circumstances."

This was held to be error, the Commission of Appeals saying: "The trust must be shown with clearness and certainty, and in some of the cases it has been held that it must be shown by the testimony of more than one witness, unless his testimony be confirmed by corroborating circumstances."

The writer of the opinion then goes on to say: "But in the later case of Gaines v. The Exchange Bank, decided at Austin in 1882 (1 Law Reporter, p. 477), it was held that this technical rule was applicable only to cases in which it was sought to establish the trust by proving the declarations of a deceased trustee, or where the trustee was testifying to the trust in his own interest."

This language is quoted in Keller v. Keller, by the Court of Civil Appeals for the Fourth District, but that court further quotes with approval from American Freehold Land Mortg. Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 377, to which a writ of error was refused, as follows: "The two-witness rule, or the one with corroborating circumstances, which prevails in some of the states in cases of this and like character, does not exist in this state, except in cases where the evidence is of the character mentioned in the case of Muckelroy v. House [21 Tex. Civ. App. 673, 52 S. W. 1039], supra. Such a rule, we think, has no foundation in principle; for, if the evidence is of such a character, whether it comes from one or many witnesses, as to satisfy the conscience of the court that its equitable relief should be administered, no hesitancy should be felt in applying the principles that would govern the particular case. It would be a singular proposition to announce that the law more sacredly guards and protects the property of the citizen than it does his life or liberty; yet an admission of the insistence of appellant would necessarily lead to the conclusion that life or liberty could be lost on less evidence than would be required to deprive him of an apparent right in property."

This announces the correct rule. The contention of plaintiffs in error is predicated upon the conception that interest of the plaintiff deprives his testimony of probative force as against evidence of the character of an absolute deed. The ancient theory that interest disqualifies a witness has been long ago discarded, except in those rare instances where the relic is retained by statute such as testimony with respect to transactions with or statements by a deceased person. Under our system, the interest does not disqualify, but goes merely to the weight of the testimony. Whatever is said in the opinions with reference to the clearness, certainty, satisfactory nature, and the like of such testimony must be understood to have reference to its sufficiency to satisfy and not to its sufficiency to meet any arbitrary rule of statute or decision.

■ It is furthermore urged that we should not have affirmed the judgments as to the partition of the town property, because it is shown in the evidence that Mrs. McCoy, even though she held the same in trust for defendant in error, nevertheless had expended a large sum of money in discharging an existing lien against the property and in making certain repairs and improvements thereon, and that this should have been taken into account in the partition. But plaintiffs in error presented no such question in their application for writ of error, and we are not at liberty to reverse the judgment of the Court of Civil Appeals upon a matter not complained of in the application for writ of error. Such matter is jurisdictional with the Supreme Court.

We recommend that the motion for rehearing be overruled.