**WILKINSON et al. v. OWENS et al.**
No. 4257.

Court of Civil Appeals of Texas.
Texarkana.
Dec. 22, 1932.

Carney & Carney, of Atlanta, for plaintiffs in error.

C. E. Florence and Edwin M. Fulton, both of Gilmer, for defendants in error.

LEVY, Justice (after stating the case as above).

There is presented for decision the points in view, in effect, that there was error in awarding judgment against the plaintiffs and in favor of the defendants for the land, because (1) there was failure of recordation in the minutes of the probate court of an order of the court for sale and conveyance of the land by the guardian. and (2) there was failure to give a sales bond as required by the statutes, and (3) there was failure to issue and to enter in the probate minutes a notice either of the commencement of the proceedings for appointment of a permanent guardian or after the appointment of a temporary guardian as required by the statutes.

■ It was affirmatively shown that there was failure of recordation in the minutes of the probate court of an order of the court for sale and conveyance of the land by the guardian. There was, however, an entry made on the docket of the probate court of "application of guardian to sell real estate granted as prayed for." A "probate docket" and "probate minutes," and by that name, are record books required by the statute to be kept and used by the probate court. Articles 3295, 3296, 4105. In the "probate docket" it is required by the terms of the statute to enter therein, among other things. "4. A minute of all orders, judgments, decrees and proceedings had in the estate, with the date thereof." In the "probate minutes" it is required that there be "entered therein in full all the orders, judgments, decrees and proceedings of the court, and recorded therein all papers of estates required by law to be recorded." It has been held, in view of the statutes mentioned, that the mere failure to formally carry the order in the probate minutes after being entered in the probate docket is a mere irregularity, not invalidating the deed made by the guardian. Hannon v. Henson (Tex. Civ. App.) 7 S.W.(2d) 613; Id. (Tex. Com. App.) 15 S.W.(2d) 579; Burton v. McGuire (Tex. Com. App.) 41 S.W. (2d) 238. Hence the record of order of sale

cannot be corrected or avoided by a collateral attack thereon, as here made, but only by bill of review in the same court and by appeal therefrom.

■■ As respects the second point specified by the plaintiff, it appears that the probate court authorized and directed the guardian to make sale of the land, but the order did not require the guardian to file a sale bond as prescribed by the statute. No sale bond was made, and none was required by the court to be made or filed. In pursuance of the order the guardian sold the land and reported the sale to the court, and the court approved the report, confirmed the sale, and directed the guardian to execute conveyance to the purchaser, who was the appellee Owens. As has been decided, the failure of the guardian to give a sale bond or of the probate court to require him to give the bond has the effect to render the sale merely voidable and not void. Sloan v. Woods (Tex. Com. App.) 25 S.W.(2d) 309; Burton v. McGuire (Tex. Com. App.) 41 S.W.(2d) 238. Hence, the present attack would be considered a collateral attack upon and unavailing against the order relating to the sale. The case of the City of Tyler v. Bank of Beaumont (Tex. Civ. App.) 46 S.W. (2d) 454, presented a different situation, in that in such case the order was directly attacked in the probate court by bill of review and an appeal to review it in the district court.

■ As respects the third point specified, it was shown by the records that an application was filed asking the appointment of the applicant as a "temporary guardian be made" in order to prevent "loss or waste of the estate of the said minors." The prayer in the application reads: "Wherefore, applicant prays that he be so appointed (temporary guardian) and that thereafter citation issue as the law directs and upon hearing his appointment be made permanent." On September 27, 1917, the applicant by order of record in the probate minutes was appointed "temporary guardian of the person and the estate of the minors named." It further appears that a separate and distinct application was made and filed on September 28, 1917, asking that the applicant "be appointed guardian of the person and estate of the said minors." On October 12, 1917, the applicant made and filed a bond and returned an inventory and appraisement, and on October 15, 1917, took the required oath; all as "guardian of the estate of the minors." On October 20, 1917, an application to sell the land was made in the capacity of "guardian of the estate" of the minors named. On November 11, 1917, the temporary guardianship was "made permanent." On November 21, 1917, the application made on October 20th by the guardian to sell the land was granted, and on November 27th the sale was confirmed by the court and the deed ordered made to the purchaser. After the appointment of the temporary guardian no notice or citation in point of fact appears to have been issued and posted of the appointment, and the records do not show or note or recite the issuance of notice of the appointment. And likewise no notice in point of fact appears to have been issued, and the records do not show or recite the issuance of notice upon the application of September 28, 1917, to be appointed permanent guardian of the estate of the minors. As expressly required by the statute, after the appointment of a temporary guardian, notice shall issue and be given of such appointment. Articles 4137 and 4114. By the terms of the statute referred to, "the court shall issue notice" at once "after the appointment of a temporary guardian." And the temporary guardian cannot become the permanent guardian before and until "the next regular term of the court," which comes "after notice" has been issued and posted of the making of the temporary appointment. Article 4135. The court could proceed no further until notice was issued as provided by statute. The above provisions of the statute were intended as the prescribed mode of acquiring jurisdiction in the appointment of the permanent guardian to manage and dispose of the estate. The "notice" was to constitute legal process in the view and purpose to afford all persons interested in the guardianship and the welfare of the minor an opportunity to be heard on the appointment and to notify them to appear and be heard. Articles 4114, 4115, 4109. The issuance of notice is mandatory and is a requisite to the exercise of the jurisdiction to make the appointment of a permanent guardian. Threatt v. Johnson (Tex. Civ. App.) 156 S. W. 1137; Hannon v. Henson (Tex. Civ. App.) 7 S.W.(2d) 613; Id. (Tex. Com. App.) 15 S.W.(2d) 579; Green v. White (Tex. Civ. App.) 32 S.W.(2d) 488; Harding v. Brown, 227 Mass. 77, 117 N. E. 638; Devereaux v. Janes, 141 Mich. 265, 104 N. W. 579, 113 Am. St. Rep. 523; Worthtam v. John, 22 Okl. 562, 98 P. 347; In re Carter, 254 Pa. 518, 99 A. 58.

■ The plaintiffs' petition made attack upon the proceedings at commencement of the guardianship as being orders "void and of no effect" and for lack of "jurisdiction in the probate court" to make and enter, in that

"without their knowledge or consent and without notice of citation and without service upon them the defendant, C. E. Cook, was appointed guardian of the person and estate of the plaintiffs by the County Judge of Upshur County, Texas," etc. All the parties to the guardianship are parties to this suit, including the purchaser of the land. As plainly appears, the authority of appointment of the permanent guardian and his right to act as such is questioned upon the ground that the probate court had no jurisdiction for lack of the notice or citation required by law. It seems that the proceedings can be attacked collaterally if there was absence of notice and the orders complained of were thereby void for want of jurisdiction. 21 Tex. Jur. § 9, p. 214, and cases there cited. Generally a judgment without service is void. Carson v. Taylor (Tex. Civ. App.) 261 S. W. 824; Levy v. Roper, 113 Tex. 356, 256 S. W. 251. Quoting the rule, as correctly given therein, from Newman v. Mackey, 37 Tex. Civ. App. 85, 83 S. W. 31, 33: "In order to make a judgment void collaterally, either (1) a legal organization of the tribunal, or (2) jurisdiction over the subject matter, or (3) jurisdiction over the person, must be wanting; or (4) one or more of these matters must have been lost after it once existed. When either of these defects can be shown, the judgment, and all rights and titles founded thereon, are void, even in the hands of a bona fide purchaser."

According to the general rule, the judgment rendered by a court having no jurisdiction is a mere nullity and will be so held and treated whenever and for whatever purpose it is sought to be used. 33 C. J. § 34, p. 1072. However, in considering the question of jurisdiction, the contention made by the defendants in error must be considered, that the minors consented to the appointment of the guardian, and they cannot question the validity of the appointment. There appears filed and entered in the probate minutes the following:

"In County Court, Upshur County, Texas.
                              "September 28, 1917.

"Now comes the undersigned minors and waive the issuance and service of citation on them herein and enter their appearance in the probate court of Upshur County, Texas, for all purposes of said probate proceedings and hereby choose C. E. Cook as a suitable person to act as guardian of our person and estate, and hereby ask that he be appointed our said guardian."

This waiver appears to be signed by Earl Wilkinson who at the time was of the age of eighteen years and by Elton Wilkinson who at the time was fourteen years of age. The instrument was not signed nor claimed to be signed by Estella, who was at the time a girl of the age of five years. The two older persons mentioned testified that they did not in fact sign the instrument. The question of execution or not was one purely of fact, and we may not overturn the trial court's finding of fact, as involved in his judgment, that the instruments were executed by the parties. They were parties in the present suit and with interests in the result, and the court had a right to give such weight to their evidence as he might decide. Coleman v. Buttram (Tex. Civ. App.) 40 S.W.(2d) 977; McCoy v. Long (Tex. Com. App.) 17 S.W.(2d) 783. By express provision of the statute "a minor fourteen years of age or over shall be personally served with citation to appear and answer such application [for appointment of guardian], or such minor by writing filed with the clerk may waive the issuance of such citation and make choice of a guardian." Article 4116. See, also, article 4126. The right of a minor within the ages stated to select his own guardian is absolute if the person selected is not a person disqualified under the statutes to be appointed. Burns v. Parker (Tex. Civ. App.) 155 S. W. 673; Culwell v. Allen (Tex. Civ. App.) 220 S. W. 362. As a general rule jurisdiction cannot be conferred by consent, but in view of the special situation of the present case, the principle stated cannot be held to apply, for the selection and appointment of the permanent guardian was by agreement of the parties, such as the law authorizes, and not by any exercise of an independent power on the part of the court. The selection and appointment of the permanent guardian was by common consent and upon an express agreement entered in the record of the probate court. The agreement of the parties is thus evidenced of record. All parties at interest at the time having agreed to the appointment as made, no good reason could now be urged why such appointment should be set aside on motion of any of the parties. Undoubtedly the waiver and consent of the two minor brothers was valid and the guardian became such minors' legal appointee. Article 4116. Ordinarily, when the person in whose favor the waiver operates is appointed and qualified, he becomes clothed with power to act until he is removed for cause or the guardianship otherwise terminates by reason of the ward's death or becoming of legal age. Kahn v. Israelson, 62 Tex. 221; Polasek v. Janecek, 22 Tex. Civ. App. 411, 55 S. W. 522; Allen v. Stovall, 94

Tex. 618, 63 S. W. 863, 64 S. W. 777. The minor girl, however, was not at the age at which she could have made selection of a guardian, and in no wise did she participate or attempt to participate in the appointment, and therefore she would not be bound by the consent of her two brothers. The order of the appointment would be wholly invalid as to her, but not as to the two brothers.

The defendants-in error predicate estoppel of the plaintiffs upon the ground mentioned in asserting the invalidity of the sale of the land. It appears that after the sale of the land the guardian invested the proceeds of the sale in Liberty bonds, although such investment was not made upon an order of the court to do so. After the two boys became of legal age the guardian delivered over to each of them a Liberty bond and took a receipt reading:

"Estate of Samuel Wilkinson et al, Minors, C. E. Cook, Guardian.

"In County Court, Upshur County, Texas.

"Received of C. E. Cook, Guardian, the sum of $50.00, the amount in full settlement of all my right, claim and interest in the estate of John and Florence Wilkinson (their parents), both deceased, which guardianship is still pending in said court."

Also on November 5, 1919, but while she was a minor and before her marriage, the guardian paid to Estella Wilkinson by his check on the First National Bank the sum of $66.17. This was the amount of a Liberty bond with accrued interest. Estella Wilkinson signed the following instrument, leaving the amount blank: "Received of C. E. Cook, Guardian, of the estate of Estella Wilkinson and others, minors, the sum of ———, the amount in full of my right, claim and interest in the estate of John and Florence Wilkinson (her parents), both deceased, which guardianship is still pending." All of these payments and the receipts signed were in the nature of a private settlement by the guardian and were not made under any order of the probate court. There is evidence tending to show that the plaintiffs at the time of the payments made to them did not know that the bonds they were receiving was their proportionate part realized from the sale of the property by the guardian, and there are circumstances justifying the inference that they did know that the bonds were paid for by the proceeds of the sale of the land. The question was one of pure fact of whether or not the plaintiffs at the time knew that the bonds they were receiving were purchased from the proceeds of the sale of their property. The court, as involved in his judgment, will be presumed to have found that the plaintiffs did know they were accepting the proceeds of the sale of their land, and his finding may not be set aside as a matter of pure law. The two boys at the time of signing the receipt and settlement were of legal age. It would follow in the circumstances that estoppel would be applicable and they would be precluded from now asserting title to the land, even assuming the sale to have been irregular and invalid. Daimwood v. Driscoll (Tex. Civ. App.) 151 S. W. 621; Messner v. Giddings, 65 Tex. 301; Nanny v. Allen, 77 Tex. 240, 13 S. W. 989. And the doctrine of estoppel would be applicable to the two boys, although and notwithstanding a sale bond was not made and filed as prescribed by the statute. The failure to make and file a sale bond, as decided herein above, did not operate to make the sale void. Hence, it would be legally allowable to the two boys mentioned, being of legal age and with knowledge of the source of the Liberty bonds, by personal acts of acquiescence and ratification to make good an irregularity or voidable proceeding in the sale of the land.

Estella Wilkinson, however, in view of the circumstances having special relation to her, must be considered as standing independently of her two brothers in respect to the alienation of her property and the right to dispute an alienation. The order of appointment of the permanent guardian was, as to her in the first instance, legally void for lack of jurisdiction in the probate court through failure of issuance of process of notice. As a legal consequence, C. E. Cook did not hold the relation of permanent guardian towards her, and he was without authority to represent her as her permanent guardian in the guardianship proceedings and to control and to make sale of her property. A legal appointment of a guardian, as like a valid order of sale, is essential to the validity of a guardian sale. Kelsey v. Trisler, 32 Tex. Civ. App. 177, 74 S. W. 64; Vineyard v. Heard (Tex. Civ. App.) 167 S. W. 22; Id. (Tex. Com. App.) 212 S. W. 489; Teague v. Swasey (Tex. Civ. App.) 102 S. W. 458; Loving v. Clark (Tex. Civ. App.) 228 S. W. 590. Estella as a minor could not validate or ratify a void appointment or sale as an act of guardianship because the ratification itself would be opposed to the statute. It is the established principle that confirmation or ratification may make good a voidable or defeasible estate, but cannot operate upon or aid an estate which is void in law. 1 Devlin on Real Es-

tate (3d Ed.) § 18, p. 30; 14 Tex. Jur. § 23, p. 766; Breitling v. Chester, 88 Tex. 586, 32 S. W. 527; Montgomery v. Hornberger (Tex. Civ. App.) 40 S. W. 628; 1 Warvelle on Vendors, § 338, p. 402. The purported sale by the guardian as an act of guardianship being void, the purchaser is required to see to the regularity of the proceedings upon which the jurisdiction of the court is founded. The appointment and sale being void, no legal duty devolved upon Estella as a condition of disaffirmance to restore the consideration claimed to have been received by her from the purported guardian. Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849.

■ It appearing from the pleadings and the evidence offered in support of them that the title asserted by Henry B. Owens and Cranfill & Germany emanated from Estella Wilkinson, that is, by purported guardian sale and conveyance of her land, she was not required in order to recover the land to show title beyond herself. Organ v. Maxwell (Tex. Civ. App.) 140 S. W. 255; and authorities there cited. It was affirmatively shown that Estella Wilkinson acquired title as a child of her father, John Wilkinson, who was the owner of the land in fee-simple title. As a legal consequence of the situation shown, the affirmative relief by cross-action by Cranfill & Germany and the special defense of Henry B. Owens of a valid guardian's sale and conveyance which left no title in the plaintiff each failed of legal force and effect. Hence, the title of Estella Wilkinson was a superior title, and she was entitled to recover her undivided interest in the fifty acres of land.

The judgment is therefore reversed and here rendered in her favor for the recovery of her undivided interest in the land against all the parties to this suit. The judgment as to Earl Wilkinson and Elton Wilkinson will be in all things affirmed.

■■ It appears that cause No. 6106 was consolidated with the present appeal and tried along with it. It is a separate and distinct cause from the trespass to try title suit. It seems to be an appeal from an order in probate allowing a special sale bond to be filed and entered of record and validating the previous order of sale of the land in suit. The proceedings was under article 4201a, R. S., which is purely a curative statute. It affirmatively appears that at the time of the curative order made by the probate court the guardianship proceeding had not been formally closed by an order of the court. The final settlement with an order of discharge of the guardian had not been made, although all of the former minors were of legal age. Independent of the statute the probate court had the inherent power to entertain jurisdiction to cure the irregularities and defects in prior proceedings, the guardianship not being at the time formally closed. As to the plaintiffs Earl and Elton Wilkinson, the judgment of the probate court and of the district court may be, and is hereby, in all things upheld and affirmed. The order was not void or invalid as to them. The judgment and proceedings of confirmation, however, were all a nullity as to Estella Wilkinson, and she is entitled to be relieved against the same, which is accordingly here done. Such judgment as to her is in all things vacated. An order of the probate court, as here, having the purpose of curing defects and irregularities in proceedings, cannot cure and render operative a prior sale that was void, as it was as to Estella Wilkinson.