## *In re* GRIFFITH'S ESTATE.

1. GUARDIAN AND WARD—APPOINTMENT OF GUARDIAN.

The power of appointment of a guardian by the probate court is derived from the statute and in order to obtain jurisdiction in such cases the statute must be strictly construed (3 Comp. Laws 1929, § 15774).

2. INSANE PERSONS—NOTICE OF APPLICATION FOR APPOINTMENT OF GUARDIAN—JURISDICTION.

Notice to allegedly incompetent person of petition for appointment of a guardian is a jurisdictional prerequisite to the appointment of a guardian (3 Comp. Laws 1929, § 15774).

3. SAME—APPOINTMENT A NULLITY WITHOUT NOTICE TO ALLEGED INCOMPETENT.

Appointment of special guardian was a nullity where made on same day petition for appointment was filed and no notice thereof sent to alleged incompetent (3 Comp. Laws 1929, § 15774).

4. WILLS—CONTEST—PARTIES—SPECIAL GUARDIAN.

Special guardian, appointed on same day petition for appointment was made without notice of application having been sent to alleged incompetent, had no standing in court as a special guardian nor right to appear as such as a contestant in a proceeding to probate a will of a decedent (3 Comp. Laws 1929, § 15774).

Appeal from Washtenaw; Toms (Robert M.), J., presiding. Submitted January 16, 1940. (Docket No. 112, Calendar No. 40,956.) Decided March 15, 1940.

In the matter of the estate of Effie M. Griffith, deceased. Petition by Alexander G. Ruthven for probate of will. From order admitting will to probate, E. R. Butts, special guardian of Edna G. Quick, mentally incompetent, appealed to circuit court. Motion by proponent Alexander G. Ruthven to dismiss the appeal. From order granting proponent's motion, the special guardian appeals. Affirmed.

*Frank B. DeVine* (*Louis H. Fead,* of counsel), for proponent.

*Walter M. Nelson* and *Bernard E. Konopka,* for contestants.

Potter, J. This is an appeal from the application to the probate court of Washtenaw county for the admission to probate of the will of Effie M. Griffith, deceased. One E. R. Butts prosecutes this appeal as special guardian. The only question is whether Butts has any standing in court in connection with this appeal.

The statute in relation to the appointment of special guardians provides:

"The judge of probate of any county, upon a proper showing, upon such notice as he shall direct, pending any application for the appointment of a general guardian as aforesaid, or pending any appeal or litigation in relation to the appointment of such general guardian, may, if he shall deem it fit and proper, under the circumstances of the case, appoint a special guardian of such person. Such special guardian shall in proper cases and when so ordered by the court, have the care and custody of the person of his ward and the management of all his estate, and shall give the security specified in the next section. He shall hold his office until the question of appointment of a general guardian be decided, or until he shall be discharged by the judge of probate." 3 Comp. Laws 1929, § 15774 (Stat. Ann. § 27.2939).

The power of appointment of a guardian by the probate court is derived from the statute and in order to obtain jurisdiction in such cases the statute must be strictly construed. *North* v. *Joslin,* 59 Mich. 624; *In re Storick,* 64 Mich. 685; *In re Bassett,* 68 Mich. 348; *Partello* v. *Holton,* 79 Mich. 372. The

question in this case is the power and authority of a special guardian. *Devereaux* v. *Janes,* 141 Mich. 265 (113 Am. St. Rep. 523), came before the court on certiorari to review the decision of the circuit court dismissing a writ of *habeas corpus* sued out by the petitioner and plaintiff in error to obtain the custody of his ward. It appears that the petition for the appointment of a special guardian was made December 14, 1904, and the same day an order appointing a special guardian was entered. It was said:

"The question presented at the outset is whether there was jurisdiction to make the order. If there was not jurisdiction, the order cannot confer any rights upon petitioner. * * · * It is urged by petitioner that there is a presumption that the necessary steps were taken to give jurisdiction. The statute * * * authorizes an appointment of a special guardian by the probate judge 'upon such notice as he shall direct.' Whatever the presumption may be in case the record fails to show the fact, we think it would be doing violence to the recitations of this order to say either that there was notice or that the record is silent on the subject. The order was made on the same day that the petition was filed, and more than this, the order recites that the order was made 'on reading and filing the petition.' This language fairly imports that simultaneously with the filing of the paper which put the court in motion the order appointing a special guardian was made, thus negativing any presumption of notice which might otherwise arise."

The foregoing decision is controlling of the question here. The trial court found the appointment of special guardian was made on the same day the petition was filed and that no notice of the application for the appointment was sent to the allegedly mentally incompetent person before the appointment of such special guardian was entered. Appellant makes

no claim that any notice of the petition for the appointment of special guardian was sent to Mrs. Quick. In view of the holding of the court in *Devereaux* v. *Janes, supra,* the absence of such jurisdictional prerequisite here makes the appointment of the special guardian a nullity. We hold that appellant Butts has no standing in court as a special guardian of the allegedly incompetent Mrs. Quick and had no right to appear as a contestant in the proceeding to probate the will of decedent.

The order of the trial court dismissing the appeal filed by the special guardian is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.