## RHOADS et al. v. DALY GENERAL AGENCY, Inc.
### No. 4090.

Court of Civil Appeals of Texas. El Paso.
May 1, 1941.

Rehearing Denied May 29, 1941.

A. T. Folsom, of Wink, for appellants.

E. L. Klett, of Lubbock, for appellee.

SUTTON, Justice.

This is an appeal from the District Court of Winkler County. The parties will be designated as they were in the trial court.

L. C. Rhoads and J. R. Ostrom, as plaintiffs, sued the defendant, Daly General Agency, Inc., a corporation, to dissolve and set aside the abstract of a judgment rendered in the County Court of Lubbock County, and abstracted in Winkler County, and to set aside said judgment. The trial was to the court without a jury; judgment was for the defendant and that the plaintiffs take nothing. From that judgment this appeal has been perfected.

The plaintiffs alleged the abstract of judgment from the County Court of Lubbock County in Winkler County on or about the 11th day of August, 1932, and by virtue thereof a lien was claimed upon lots, lands and improvements (without describing any) in Winkler County belonging to the plaintiffs; that the same constitutes

462

a cloud upon the title to said lands (without describing any lands); that same was done for the purpose of claiming and creating a lien. They alleged the abstract of judgment is void because the judgment on the face of the record is void, and the pleadings and petition will not support the judgment; that the judgment shows on its face that it is based upon a verified account, which is insufficient to constitute a liquidated claim; that the judgment is against the plaintiffs in this cause, whereas the verified account is against the Lea County Insurance Agency of Hobbs, New Mexico. It is further alleged the citations served upon these plaintiffs (defendants in the County Court) are insufficient because they bear no seal of the County Court of Lubbock County, copies of which, together with the petition and judgment, are attached as exhibits. Plaintiffs pray that the abstract of judgment be dissolved and set aside, and that the judgment of the County Court be held null and void.

The defendant went to trial on an answer containing a plea and exception to the jurisdiction of the court, a general demurrer, numerous special demurrers, upon all of which pleas and exceptions no action of the court is shown, and upon a general denial.

There is no statement of facts. The trial court, at the request of plaintiffs, filed findings of fact and conclusions of law.

The plaintiffs have one assignment of error and brief three propositions thereunder. The assignment is as follows: "The Trial Court Erred in rendering judgment against Appellants for the reason that the judgment upon which the Abstract of Judgment Lien was based was void upon the face of the record, and could not support a Judgment Lien upon Lands."

The substance of the first proposition is that the judgment is void because based upon a void citation, which citation is void because not impressed with the seal of the County Court of Lubbock County. The court found that there were some five citations on file bearing the impress of a seal, "Clerk County Court, County of Lubbock, Texas," and no other seal thereon, and that the seal of the County Court of Lubbock County bears the inscription quoted above. The court found that the suit was filed in the County Court of Lubbock County December 18, 1931; that the judgment bears a typewritten date "18th day of July," and through the "18th" is passed a

line with pen and ink and above which is written with pen and ink in long hand, "6th day of August," and he is therefore unable to say whether it was rendered on the 18th day of July, 1932, or the 6th day of August, 1932. The judgment, as found by the court, was filed August 6, 1932. The court further found that the judgment rendered by the County Court of Lubbock County recites on its face: "It appeared to the court that the defendants, L. C. Rhoads, J. R. Ostrom and T. M. Sanders have each and all been duly cited and personally served in the State of Texas in the manner and form and for the length of time prescribed by law to require them to appear and answer at this or previous terms," etc.

■ The attack here made is collateral, because made in a court other than the one rendering the judgment and because of the absence of parties affected thereby. Switzer et ux. v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377 and cases there cited; Hannon et al. v. Henson, Tex.Com. App., 15 S.W.2d 579; Perdue et al. v. Miller et al., Tex.Civ.App., 64 S.W.2d 1002, writ refused. The recital in the judgment of legal service on the defendants in the collateral proceeding cannot be impeached by a resort to the citation, Switzer et ux. v. Smith, supra; Watson v. Rochmill, Tex. Civ.App., 134 S.W.2d 710, writ granted.

■ The use of an improper seal or the omission altogether of a seal renders neither the citation nor the judgment void, but merely defective. The judgment in such case is not subject to collateral attack and may be set aside only by appeal or writ of error, or in a direct proceeding brought for the purpose. Houston Oil Co. v. Randolph, Tex.Com.App., 251 S.W. 794, at page 798, second column, 28 A.L.R. 926 (adopted); Newman v. Mackey, 37 Tex. Civ.App. 85, 83 S.W. 31; Cartwright v. Chabert, 3 Tex. 261, 49 Am.Dec. 742.

The first proposition is, therefore, overruled.

The second proposition is: "The judgment under attack in the Lubbock County case is without pleadings to support it, and is therefore void."

■ In a collateral attack the validity of the judgment cannot be challenged on the insufficiency of the pleading upon which it was rendered. Benson et al. v. Mangum, Tex.Civ.App., 117 S.W.2d 169, writ of error refused; and the authorities there

cited. This proposition is likewise overruled.

The third proposition is, in substance, that the District Court of Winkler County had jurisdiction to set aside a lien on land based upon a void judgment where the invalidity appears from the face of the record. The invalidity is then asserted for the reasons assigned in the two prior propositions. This proposition must, therefore, fall with those sought to support it, and for the reasons stated.

No error appearing, the judgment of the trial court is affirmed.