# DOLLERT v. PRATT–HEWIT OIL CORPORATION et al.

No. 11394.

Court of Civil Appeals of Texas. San Antonio.

March 8, 1944.

Rehearing Denied April 5, 1944.

Arthur H. Bartelt, of Austin, for appellant.

Williams, Lee, Sears & Kennerly, W. H. Blades, and Ben F. Vaughan, Jr., all of Houston, for appellees.

NORVELL, Justice.

This is an appeal from an order of the District Court of Refugio County dismissing a motion to set aside a judgment.

In 1927, W. E. Hewit and other stockholders of the Pratt-Hewit Oil Corporation brought a stockholders' action for the purpose of setting aside a joint oil and gas operating contract entered into by and between Pratt-Hewit Oil Corporation and Houston Oil Company of Texas on September 26, 1925. This cause was docketed as No. 795 in the Refugio County District Court. Dollert, the appellant here, as a stockholder in the Pratt-Hewit Oil Corporation, intervened in this cause shortly after the petition was filed. A plea in abatement was sustained by the trial court and the cause dismissed. The order of dismissal was reversed by this Court. Hewit v. Pratt-Hewit Oil Corporation, Tex.Civ. App., 35 S.W.2d 787, affirmed by the Supreme Court, 122 Tex. 38, 52 S.W.2d 64.

Some time after the remand of the cause to the District Court, the Hon. J. P. Pool, then judge of the District Court of Refugio County, entered the following order in the cause:

"Be it remembered that on this the 26th day of January, A. D. 1937, in vacation and upon the request and agreements of the plaintiff, the interveners, and the defendants herein this cause came on for hearing, whereupon plaintiff, interveners, and defendants all requested the Court to dismiss this suit from the docket of this Court with prejudice but at the cost of defendants.

"Now, therefore, it is ordered, adjudged, and decreed that the plaintiff's and interveners' suit herein be and the same is hereby in all things dismissed with prejudice, at the cost of defendants."

On February 12, 1940, one Wert T. Reed, as a stockholder of the Pratt-Hewit Oil Corporation, filed a suit similar to that filed in 1927 in the Refugio County District Court. This case was styled Wert T. Reed v. Houston Oil Company of Texas, No. 17, on the docket of the United States District Court for the Southern District of Texas, Victoria Division. This case was transferred to the Houston Division and given No. 422. On October 26, 1940, F. F. Dollert intervened in this Federal Court suit. After a lengthy trial, judgment was rendered against Reed and Dollert. The Federal District Judge filed full and complete findings of fact and conclusions of law. As to Dollert, the judge, inter alia, concluded as a matter of law that:

"Since the intervener F. F. Dollert was a party to the suit (Cause No. 795, District Court of Refugio County) involving the identical issue of fraud in procuring the contract of September 26, 1925, he is bound by the judgment of dismissal with prejudice entered in that cause in 1937 and cannot recover here, and the defendants' plea of res adjudicata heretofore filed will at this time be sustained."

The judgment of the United States District Court was affirmed by the Circuit Court of Appeals for the Fifth Circuit on February 17, 1943, 132 F.2d 748, and petition for writ of certiorari denied by the Supreme Court of the United States. 319 U.S. 743, 63 S.Ct. 1032, 87 L.Ed. 1699.

On August 5, 1943, Dollert filed the motion here involved in Cause No. 795, W. E. Hewit et al., Plaintiffs, v. Pratt-Hewit Oil Corporation et al., Defendants. This motion or pleading included three subdivisions and was styled by Dollert as, "(a) Motion to set aside the judgment which as to Interveners, F. F. Dollert and the Pratt-Hewit Oil Corporation, is void on its face; (b) Motion to permit F. F. Dollert to file his proposed amended original complaint attached to said motion, referred to next above; and (c) Motion of F. F. Dollert to make certain necessary parties defendant in said cause."

It is apparent that the granting of the relief prayed for in the two subdivisions last mentioned is dependent upon the judgment's being set aside as prayed for in the first subdivision of the motion. The motion was dismissed by the trial court "for lack of jurisdiction," with the further recitation or alternative conclusion that "even if the Court has jurisdiction in this matter (the Court) is of the opinion that said motions should be in all things denied and overruled on their merits."

■ It is apparent that the trial court's holding that it was without jurisdiction over the motion other than to enter a dismissal order is predicated upon the view that in legal effect the motion involved was a motion for new trial. We think the trial court's analysis of the legal situation presented is correct and supports its primary conclusion that the motion should be dismissed. It was stated in Green v. Green, Tex.Com.App., 288 S. W. 406, 407, that: "It is well settled that a court is without power (except where especially conferred by statute) to grant a new trial at a subsequent term of the court to that at which the judgment was rendered, and that an order attempting to do so and all subsequent proceedings in the case are absolutely void."

In Galbraith v. Bishop, Tex.Com.App., 287 S.W. 1087, it was held that a pleading styled as a "motion" filed after term time could be considered as a bill of review in equity when the "motion" conformed to all the requisites of the equitable

bill. However, in this case, the motion involved wholly fails to meet the requirements of a bill of review. Appellant's counsel upon oral argument of this appeal maintained that said motion was not intended as and for a bill of review. Counsel stated quite frankly that relief by way of bill of review was barred by lapse of time—the order of dismissal with prejudice having been rendered on January 26, 1937, while the motion here involved was filed on August 5, 1943.

Appellant's position seems to be that the order or judgment of January 26, 1937, was "void upon its face." From this premise, it is argued that a motion having for its purpose a judicial declaration of invalidity of said judgment will lie even though filed over six years after rendition of the judgment attacked.

■ If the 1937 judgment be "void upon its face," then it "is, in legal effect, no judgment at all. It is a mere brutum fulmen, by which no rights are divested, and from which none can be obtained. It neither binds nor bars any one. * * * It is good nowhere, and is bad everywhere." Newman v. Mackey, 37 Tex.Civ.App. 85, 83 S.W. 31, 33.

■ As noted above, the United States District Court sustained a plea of res judicata based upon the judgment of January 26, 1937, and thereby held that said judgment was not "void upon its face." It is elementary that a "void judgment" can not operate as a bar under the doctrine of res judicata. We are in accord with this holding by the Federal Court and likewise conclude that the order of dismissal with prejudice was not "void." Said order was entered in accordance with the provisions of Article 1915, Vernon's Ann. Civ.Stats. See Glenn v. Milam, 114 Tex. 160, 263 S.W. 900. It recites that "plaintiff, interveners, and defendants all requested the Court to dismiss this suit from the docket of this Court with prejudice but at the costs of defendants." Dollert was one of the interveners, and according to the recitations of the order consented to the action taken. Consequently, said order or judgment is binding upon him. The order is not subject to collateral attack, and the attempted direct attack made by appellant's motion (which is in legal effect a motion for new trial) comes too late after numerous terms of the Refugio County District Court have been held since the rendition of the order or

judgment involved. The trial court being without power or authority to grant or consider a motion for new trial (Green v. Green, supra), properly dismissed the same.

Order affirmed.