# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-11126
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2023

Lyle W. Cayce
Clerk

MACK WRIGHT; ALICE WRIGHT,

*Plaintiffs—Appellees*,

*versus*

RAYMOND SAM MINARDI,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CV-189

_____

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Raymond Sam Minardi moves for leave to proceed in forma pauperis (IFP) in his appeal from the district court's order reviving a judgment that was issued in May 2012 against him and in favor of Mack and Alice Wright. The motion is a challenge to the district court's certification that the appeal

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-11126

is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his pro se appellate brief, Minardi raises a number of challenges to the May 2012 judgment including that (1) the district court granted summary judgment for the Wrights without permitting him an opportunity to respond; (2) the Texas state court and the bankruptcy court both determined that he had not committed any fraud or securities law violation; (3) the State of Texas investigation into Minardi's prior investment entity was caused by a mistake made by a bank employee; and (4) it was Nyle Field, not Minardi, who fraudulently induced the Wrights to invest in Minardi's investment entity at issue in this case. Minardi does not directly challenge the order of revival of the May 2012 judgment. Further, the issues he raises could have been, but were not, raised in a direct appeal of the May 2012 judgment. Thus, he does not present a nonfrivolous challenge to the order of revival. *See Taylor v. Harris*, 21 Tex. 438, 439-40 (Tex. 1858); *In re Fitzgerald*, 429 S.W.3d 886, 895-96 (Tex. App. 2014); *see also Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011).

Minardi also contends that (1) the district court improperly ignored or denied many of his post-judgment motions, (2) the district court and the Wrights' counsel engaged in improper tactics to collect on the May 2012 judgment, and (3) he was wrongfully held in civil contempt and detained for failing to disclose bank records that were not subject to legal disclosure. All of his post-judgment arguments are inadequately briefed. Although pro se briefs are afforded liberal constructions, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 22-11126

As Minardi has not shown that he will raise a nonfrivolous issue on appeal, his appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Minardi's motions for IFP and for waiver of fees are DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.