## SLOAN v. WOODS.
### No. 1265—5303.

Commission of Appeals of Texas, Section A.
March 12, 1930.

Taylor, Muse & Taylor, of Wichita Falls, for plaintiff in error.

Penix & Penix, S. A. Penix, and C. E. Penix, all of Graham, for defendant in error.

HARVEY, P. J.

This is a suit of trespass to try title, brought by Hyman J. Sloan, administrator of the estate of Isaac Sayles, deceased, against Henry Woods, to recover certain land which is situated in Young county. The trial court rendered judgment for the land in favor of Sloan, as administrator, from which judgment Henry Woods appealed. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for Woods. 9 S.W.(2d) 485.

The material facts are undisputed, and, so far as necessary to state them here, are as follows: During the year 1916, Henry Woods was a minor, and a guardianship proceeding on his estate was pending in the probate court of Eastland county. Betty Woods was the duly qualified and acting guardian of said estate. The land in controversy here was owned by said minor, Henry Woods. In May of that year, said guardian filed in said proceeding her application for an order to sell the land. The court, in due time, heard the application, and at such hearing entered an order authorizing and directing the guardian to make sale of the land. The order was regular on its face, and conformed to all legal requirements, except that it does not contain a provision requiring the guardian to file a bond as prescribed in article 4201 of the Revised Statutes. No bond in the matter of such sale was ever made by the guardian, and none was required by the court to be made or filed. In pursuance of the above order, the guardian sold the land and reported the sale to the court. The court approved the report, confirmed the sale, and directed the guardian to execute proper conveyance to the purchaser. The guardian did this, and received from the purchaser the purchase price of the land. The order of confirmation contains nothing in reference to a bond. Except in the respects stated above, all orders and proceedings relating to the sale are regular and in conformity to law. By mesne conveyances, such title to the land as was acquired by the purchaser at said sale has become vested in the estate of Isaac Sayles, deceased, of which Sloan is administrator. Prior to the filing of the instant suit, Henry Woods became of age. The question of estoppel does not appear in the case. The precise question raised in this appeal is whether the guardian's sale is void.

The probate court, within the scope of the powers conferred on it by law, respecting the estates of minors, is a court of general jurisdiction. Its orders, therefore, respecting a subject-matter coming within the scope of these powers, are presumptively valid, and cannot be collaterally attacked unless the record affirmatively show an unauthorized exercise of this jurisdiction in the particular

-case. Weems v. Masterson, 80 Tex. 45, 15 S. W. 590; Martin v. Robinson, 67 Tex. 374, 3 S. W. 550.

The probate court of Eastland county was invested by law with the power to effect valid sales of land belonging to minors. R. S. art. 4195 et seq. Among other matters relating to these sales, it is provided by article 4201, that "an order for the sale of real estate shall state: * * * 4. It shall require the guardian to file a good and sufficient bond, subject to the approval of the court, in an amount equal to twice the amount for which such real estate is sold."

By article 4216, the court is authorized to enter a decree confirming the sale, "if satisfied that such sale was fairly made and in conformity with law, and that the guardian has filed bond as required herein, which has been duly approved by the court."

It is not thought that the mere fact that an order for the sale fails to show on its face that the court required the guardian to give bond, as prescribed in article 4201, invalidates the sale made in pursuance of such order. The provision that the requirement be stated in the order is directory. The important thing which the statute requires is the giving of the bond, but, even so, the presumption arises from the decree confirming the sale that this requirement has been fulfilled. This presumption is conclusive as against a collateral attack on the validity of the sale. If, in reality, the court fails to require that the bond be given, and the guardian fails to give it, the sale is thereby rendered voidable but not void.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.