MARYLAND CASUALTY CO. v. GRAHAM.

No. 4018.

Court of Civil Appeals of Texas. Texarkana.

May 4, 1931.

Rehearing Denied May 7, 1931.

Rodgers & Rodgers, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

The appellant complains of the submission of the issue of payment of the compensation in a lump sum because (1) the question as submitted improperly presented the issue, and (2) the evidence was insufficient to authorize an award therefor. It is pointed out in the case of Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68, that the form of the issue should be such as to require the jury to find that manifest hardship and injury would result from the payment of the compensation from week to week at a definite sum for a definite period. In the later case of Texas Employers' Insurance Association v. Lovett (Tex. Civ. App.) 19 S.W. (2d) 397, the form of the issue submitted does not appear to have been challenged. However, in the present case the controlling point of decision is not the form of the issue, but that of whether there is sufficient proof to show a special case within the purview of the statute warranting the payment of a lump sum. The petition alleged, viz.: "Plaintiff alleges that he is totally incapacitated and unable to work, and that he is in debt for food, board, clothing, medical treatment and medicine and knows no occupation, and that this is a special case and that his compensation ought to be reduced to and paid to him in a lump sum, and unless his compensation is reduced to and paid in a lump sum, that manifest hardship and injustice will be done him, and that if said compensation is so paid in a lump sum, that he can use said money in a way by which he may make a living off of said money." The following is the entire evidence reflected by the record; the appellee testified: "I am a married man. I am not living with my wife now. I am separated from her. I stay with my brother. I owe some debts. I owe Mr. Nixon for some groceries. I don't know exactly what I owe him, but I owe him quite a bit. I also owe something for medicines. I have not paid Dr. Baskett anything for treating me. I owe him $12.00. I have not got any money now. This company has never paid me any compensation. I do not know how to do anything except work—manual labor with my hands. I have no education. I went to about the 4th grade in school. I don't know any other trade except common labor."

The above evidence must be considered in connection with the fact, as found by the jury, that there was total permanent incapacity of the appellee to work for wages. It is plainly shown by the evidence set out that the appellee, in direct consequence of his total incapacity to earn wages by his labor, is suffering embarrassment for lack of "any money now" with which to pay certain exist-

ing debts owed "for some groceries," "for medicines," and a medical bill of "$12.00." He has no dependents and is staying with his brother. The essential thing to the appellee, as is the substance of the proof, is having or procuring of enough money to be presently paid to him to meet his wants and pay off the existing debts. The evidence does not otherwise suggest or warrant the conclusion that the weekly payments to the appellee of the statutory allowance of 60 per cent. of his regular weekly wages would not, when begun to be paid over to him, afford ultimate relief from his pecuniary embarrassment. In such state of facts a lump sum is not warranted. By the terms of the Workmen's Compensation Law, the relief intended to be afforded the injured employee is by compensation in equal weekly payments of 60 per cent. of his regular wages. The next class of relief provided for is: "In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears to the board that the amount of compensation being paid is inadequate to meet the necessities of the employee or beneficiary, the board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid allowing discount for present payment at legal rate of interest; provided that in no case shall the amount to which it is increased exceed the amount of the average weekly wages upon which the compensation is based; provided it is not intended hereby to prevent lump sum settlement when approved by the board." Section 15a, art. 8306. In the yet further provision of the law, the employee suffering total permanent incapacity for work and earning wages may be paid a lump sum, in lieu of equal weekly payments either of a percent or the full amount of weekly wages. This class of payments is denominated "special cases." Section 15, art. 8306. In order to be placed in this latter class of a lump-sum payment, the injured employee must allege and prove, as required by the terms of the article, that "manifest hardship and injustice would otherwise result" from the payment of the compensation from week to week. The phrase "manifest hardship and injustice" is intended to be the reason of effects and consequences in a pecuniary way different from the phrase "inadequate to meet the necessities of the employee or beneficiary." Quoting, by way of illustration, from Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143, 146: "A 'special' case is not necessarily determinable by the relative poverty of the claimant. The thrift, intelligence, foresight, habit of frugali-ty, capacity to manage and keep the money of the given claimant, might as well make his a special case as direct poverty. The statute undertakes to leave it to the judgment of the court or jury as to what constitutes a special case. In such consideration the jury or court is not confined to a consideration of the paucity or profuseness of the claimant's earning capacity or income. Weekly payments might work the greatest 'hardship or injustice' to the claimant having the greatest capacity because there might be, and probably would be, joined with that capacity ability and power to conserve and use beneficially and profitably the whole sum of the association's liability. Commutation to lump sums have been made in order to enable the employee to invest his compensation in a business of his own (Kelly v. Snare & Triest Construction Company, 1 Cal. I. A. C. Dec. 471); to return to his native land (Olsen v. Western Fuel Co., 2 Cal. I. A. C. Dec. 643); to discharge a mortgage on the dependent's home (State Comp. Ins. Fund of the State of Cal. v. Jacobsen, 1 Cal. I. A. C. Dec. 311); and also where the employer was about to wind up its business and leave the state (Decounter v. United Greenwater Copper Co., 2 Cal. I. A. C. Dec. 700). Honnold on Workmen's Compensation, pp. 656–658, and citations there shown." For special instance of approved facts, Texas Employers' Insurance Association v. Downing (Tex. Civ. App.) 218 S. W. 112. But in Bailey v. Insurance Co. (Tex. Com. App.) 14 S.W.(2d) 798, the special instance of proof only of being permanently disabled from earning wages had the effect of placing the case in the class of "ordinary" and not "special" cases within the purview of the statute.

It is next pointed out by the appellant that the findings of the jury are contrary to the preponderance of the evidence, that the appellee was injured by a tie falling on him and he was permanently and totally incapacitated from work by his injury. Upon considering the evidence as a whole, we do not feel authorized to disturb the findings of the jury.

The error above sustained does not necessarily require the reversal of the judgment, and the judgment is accordingly so reformed as to give to the appellee, A. Graham, judgment against the Maryland Casualty Company for the sum of $7.20 a week for the period of 401 weeks to be paid in weekly installments, of which $4.80 shall be paid to A. Graham and $2.40 of which shall be paid to his attorney, W. V. Brown, until the full sum shall have been paid, and that, as reformed, the judgment of the district court should be affirmed. The costs of the appeal will be taxed against the appellee.