## TEXAS EMPLOYERS' INS. ASS'N v. HENSON.

### Motion No. 10155; 1331—5842.

Commission of Appeals of Texas, Section B.
July 19, 1932.

For former opinion, see 48 S.W.(2d) 970, which reversed 31 S.W.(2d) 669.

Harry P. Lawther, James P. Swift, and Wm. M. Cramer, all of Dallas, for plaintiff in error.

Grisham Brothers, of Eastland, for defendant in error.

### LEDDY, J.

On original hearing we reversed the judgment of the trial court and remanded the cause for another trial because said judgment erroneously required plaintiff in error to redeem in a lump sum settlement its liability for the weekly payments allowed by the jury for a period of 401 weeks. (See 48 S. W. (2d) 970.) We could not reform the judgment and award defendant in error the weekly payments found by the jury because his brief contained no waiver of his right to insist upon another trial that the plaintiff in error redeem its liability for the weekly payments in a lump sum.

In the motion now filed defendant in error requests that this court grant a rehearing in order to enable him to waive his right of claim for compensation in a lump sum, and asks that the judgment be reformed so as to adjudge him the weekly payments for the compensation period fixed by the verdict of the jury.

Under authority of Maryland Casualty Co. v. Graham (Tex. Civ. App.) 38 S.W.(2d) 909, and Southern Surety Co. v. Shook (Tex. Civ. App.) 44 S.W.(2d) 425, the motion should be granted.

Our former judgment is hereby set aside and the judgment of the trial court will be reformed so as to adjudge a recovery in favor of defendant in error against plaintiff in error, Texas Employers' Insurance Association, for the sum of $2,637.23, as accrued compensation for the period of 176 weeks, which includes $224.27 interest on such compensation, and for the additional sum of $255.13, the amount found by the jury for hospital fees and doctor bills, plus interest thereon, making a total of $2,892.36, with 6 per cent. interest thereon from July 8, 1932, and the further compensation of $13.71 per week for 225 weeks, beginning July 8, 1932, being the remainder of the compensation period of 401 weeks.

We recommend that defendant in error's motion for rehearing be granted, our former judgment set aside, and the judgment of the trial court reformed as above indicated, and as reformed that the same be affirmed.

### CURETON, C. J.

Motion for rehearing granted, and judgments of the district court and Court of Civil Appeals reformed, and as reformed affirmed, as recommended by the Commission of Appeals.