**PERDUE et al. v. MILLER et al.**

No. 4361.

Court of Civil Appeals of Texas. Texarkana.

Oct. 25, 1933.

Rehearing Denied Nov. 9, 1933.

B. T. McWhorter, Jr., of Port Arthur, and Thompson & Barwise and Hugh B. Smith, all of Fort Worth, for appellants.

Lacy & Molhusen and Jack E. Price, all of Longview, Turner, Rodgers & Winn and Thompson, Knight, Baker & Harris, all of Dallas, and Tucker & Mason, of Shreveport, for appellees.

JOHNSON, Chief Justice.

Appellant, Robert Perdue, plaintiff in the trial court, filed this suit in the district court of the 124th judicial district, Gregg county, on the 29th day of January, 1932, against appellees, A. W. Miller and others, as defendants, in trespass to try title, seeking to set aside a judgment rendered in the district court of the 71st judicial district, Gregg county, on the 17th day of May, 1919, in cause No. 3065, styled Katie Lee Vernon et al. v. W. M. Gower, and to recover an undivided interest in 108 acres of land located in Gregg county. This appeal is from the judgment of the court in favor of defendant-appellees against plaintiff-appellants, entered upon a peremptorily instructed verdict of the jury.

The land in question is the south one-half of a 216-acre tract conveyed to C. K. Vernon and B. F. Vernon in 1902. These parties entered into a parol partition, whereby C. K. Vernon, common source of title in the present suit, took the south one-half. Later C. K. Vernon died, leaving his wife, Josie Vernon, and eight children, one of whom was the mother of plaintiff, Robert Perdue. Robert Perdue was born March 8, 1906. His mother died after the death of C. K. Vernon, leaving Robert Perdue as her only child. Thus Robert Perdue inherited either a one-eighth or a one-sixteenth undivided interest in the 108 acres of land, depending on whether it was the separate property of his grandfather, C. K. Vernon, or the community property of said C. K. Vernon and surviving wife, Josie Vernon. Thereafter, Josie Vernon married Louis Wood. On January 2, 1917, said Josie

Vernon-Wood, joined by several of the surviving children of her first marriage, conveyed the land to A. J. Wood. C. L. Perdue, father of Robert Perdue, joined in this deed, purporting to act as guardian of Robert Perdue, a minor, but never having been appointed as such guardian this deed did not convey the interest of the minor, Robert Perdue, unless it was upon the theory that it was executed to pay community debts of Josie Vernon-Wood and deceased husband, C. K. Vernon, which contention was alleged in cause No. 3065 in which the judgment sought to be canceled was rendered. The land was conveyed by mesne conveyances from and under A. J. Wood to one W. M. Gower. On May 14, 1919, D. W. Wood brought suit as "next friend" of Katie Lee Vernon, Exhama Vernon, and Robert Perdue, minors, to recover the land against W. M. Gower, cause No. 3065, styled Katie Lee Vernon et al., by Next Friend, D. W. Wood v. W. M. Gower, in the district court for the 71st judicial district, Gregg county. On the same day the defendant, W. M. Gower, filed his answer and a cross-action in which he alleged that Josie Vernon, surviving wife of C. K. Vernon, deceased, sold and conveyed the land for the purpose of paying debts, and that the land was community property, from and under which conveyance W. M. Gower claimed, and he prayed for affirmative relief, and that title as claimed by said plaintiffs be divested out of them and vested in him. No citation upon said cross-action of defendant Gower appears to have been served, and for lack of time none could have been perfected upon said minors, in that on the third day after the filing of the cross-action the following judgment was entered:

"On this the 17th day of May, A. D. 1919, the plaintiffs and the defendant appeared by next friend and by attorney in the above styled and numbered cause, announced ready for trial, and the plaintiffs in open court agree that the plaintiffs take nothing in this suit, and defendant recover judgment against the plaintiffs as prayed by him in the land in question;

"Therefore, it is ordered, adjudged and decreed by the Court that the defendant, W. M. Gower, do have and recover of the plaintiffs, Katie Lee Vernon, Exhama Vernon and Robert Perdue, all the right, title and interest claimed or owned by them in the following described tract of land lying and being in the County of Gregg and State of Texas, to-wit:

" * * * (Described land), in fee simple title and that all the right, title and interest claimed or owned by the plaintiffs is hereby divested out of them and the S 1/2, being 108 acres vested in the defendant, W. M. Gower, and that writ of possession issue to him as provided for by law, and that defendant shall pay the cost of this suit, for which let execution issue."

■■ The land is now claimed by defendant A. W. Miller, and his assignees of mineral interest, by mesne conveyances from and under W. M. Gower. Since the above judgment purports to divest Robert Perdue of title and vests it in W. M. Gower, plaintiffs' right to recover in this suit is dependent upon establishing alleged invalidity of the judgment, the determination of which rests in the answers to be given to the following questions: (1) Is plaintiffs' suit a direct or collateral attack upon the judgment? (2) Is the judgment a void, or a voidable, judgment? To constitute a direct attack the suit must be filed in the same court in which the judgment was rendered and have before it the same parties and their privies to be affected by the decree of the court vacating the judgment. It will be noted that Katie Lee Vernon, Exhama Vernon, and Robert Perdue were the plaintiffs in cause No. 3065 and against whom the judgment was rendered; that Katie Lee Vernon and Exhama Vernon are not in any way parties to the present suit; that said suit was in the 71st district court and the present suit is in the 124th district court; so, it appears that the first question should be answered to the effect that plaintiffs' suit is a collateral and not a direct attack upon the judgment in cause No. 3065. Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347; Parker v. W. L. Moody & Co., 43 Tex. Civ. App. 492, 96 S. W. 650; Burton v. McGuire (Tex. Civ. App.) 3 S.W.(2d) 576; Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, 68 A. L. R. 377; Hannon v. Henson (Tex. Com. App.) 15 S.W.(2d) 579; Carlton v. Hoff (Tex. Civ. App.) 292 S. W. 642.

■■ In a collateral attack upon a judgment only those matters may be considered notice of which appears from the record of the case rendering the judgment void, as distinguished from voidable; hence appellants' right to recover is dependent upon the judgment attacked being void. Appellants assign that the judgment in cause No. 3065 is void, upon matters appearing from the record in said cause, for the following reasons, stated in substance: (1) That it appears therefrom that judgment was rendered in favor of defendant W. M. Gower, upon his cross-action seeking affirmative relief against said minor plaintiffs; that the judgment does not recite due service of citation upon said minors to said cross-action; that it recited only an unauthorized appearance by next friend; and that it is apparent from the record that lawful service of citation was not and could not have been perfect upon said minors to said cross-action of defendant Gower, in that the judgment thereon was rendered on the third day after the cross-action was filed; (2) that it is apparent from the recitals of the judgment that it was not the result of a judicial investigation of facts, but was based solely upon an agreement gratuitously giving away the interest of said

1004

minors in said land, made by said D. W. Wood, acting as next friend for said minors, or by the minor plaintiffs themselves, and that said minors and/or their next friend were without lawful capacity or authority to so divest said minors of their interest in said land without consideration, and that the judgment of the court so decreeing was without jurisdiction and void.

It will be noted that the suit was filed and judgment rendered in cause No. 3065 in May, 1919, and the authority of "next friend" of minors to prosecute suits and enter into agreed judgments and compromises binding minors was then controlled by articles 2167 and 2168, Revised Civil Statutes of 1911, substantially brought forward into article 1994, R. S. 1925, which articles of the statute authorized the institution and prosecution of suits for and in behalf of minors by "next friend," and that such next friend shall have the same rights concerning such suits and the matters involved as if he were the guardian of such minor, including the authority of entering into such agreed judgments and compromises as may be approved by the court, which decree shall be binding on the minor and can divest title out of the minor when the court is satisfied that it is to the best interest of the minor. The judgment does not recite service of citation upon plaintiffs to defendant's cross-action, but the judgment does recite that the plaintiffs and defendant appeared by next friend and by attorney and announced ready for trial, and in open court agreed that plaintiffs take nothing, and that defendant recover the land; and following which appearance and agreement in open court is the decree of the court in accordance therewith, and which, in the circumstances, is in effect an approval of the agreement by the court, whether so expressly stated or not. Though the judgment may in part be based upon the defendant's cross-action and the facts therein alleged, and to answer which the minors were not served with citation, they were represented by their next friend lawfully authorized by statute to file and prosecute the suit and to agree upon a judgment therein, and who, from the recitals in the judgment, did in fact actually appear for and represent them, announced ready for trial, and thereupon in open court agreed to a judgment, which representative of the minors was by the court recognized and his agreement in open court approved, by entering judgment thereon accordingly. Under these facts we are of the opinion that the lack of citation to the defendant's cross-action upon the minors would not render the judgment void, and is not subject to collateral attack. McAnear v. Epperson, 54 Tex. 220, 38 Am. Rep. 625; Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639; Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882; Baumgardner v. Russell Realty Co. (Tex. Civ. App.) 33 S.W.

(2d) 561, as distinguished from voidable and subject to being vacated on direct attack or set aside on appeal as in Wright v. Jones (Tex. Com. App.) 52 S.W.(2d) 247, and cases therein cited.

██ That the judgment does not recite, nor the record indicate further than the pleadings, the facts upon which the agreed judgment is based, does not render it void. A judgment based upon an agreement of the parties is the judgment of the court as other judgments of the court, and could not be collaterally attacked for want of consideration in the agreement. Frisby v. Withers, 61 Tex. 134. The statute expressly authorized the "next friend" of the minors to enter into an agreed judgment. R. S. 1911, article 2168. Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 203, 208: "But the judgment was one rendered in pursuance of an agreement made at a time when all of the parties were before the court. Whatever may be said concerning the jurisdiction of the court to pronounce the particular decree there rendered, in the absence of an agreement that it might be done, we do not think that objection can be urged in the present case. A judgment by consent cures all errors except those resulting from a lack of jurisdiction in the court."

█ It appears that appellant B. T. McWhorter, Jr., had acquired from his client, Robert Perdue, an assignment of an interest in the subject-matter of the suit, and which assignment had been placed of record. By cross-action of some of the plaintiffs seeking affirmative relief, said B. T. McWhorter, Jr., who was the attorney of record for said Robert Perdue, was himself along with Robert Perdue made cross-defendant thereto. This cross-action was filed two days before the trial; hence no citation on B. T. McWhorter, Jr., could have been perfected thereon. Upon the trial of the case when cross-action was being inserted in the record of the case and the agreement of the parties concerning the introduction of certain testimony, Mr. McWhorter objected to being considered a party to the suit for want of service of citation upon himself. And upon the action of the court in ruling that he was properly before the court as a party to the suit, McWhorter has assigned error. The court found as a fact and recites in the judgment that, after the filing of said cross-action against him, B. T. McWhorter had as to said cross-action made a general appearance. This finding of the court is not attacked. Revised Statutes 1925, article 2046, provides that such appearance shall have the same force and effect as if citation had been duly issued and served. As the record is presented to us the assignment presents no error.

Appellants have made other assignments of error, all of which we have carefully con-

sidered, but we are not of the opinion that they present error.

The judgment of the trial court is affirmed.