**McLEOD et al. v. CARROLL et al.**
No. 5070.

Court of Civil Appeals of Texas. Texarkana.
July 2, 1937.

Rehearing Denied Sept. 2, 1937.

Vinson, Elkins, Weems & Francis and Thomas Fletcher, all of Houston, Carney & Carney, of Atlanta, and Wallace Hawkins, of Dallas, for appellants.

Newland & Cornett, of Linden, and E. Ewing Smith, of Tyler, for appellees.

JOHNSON, Chief Justice.

Appellees Velma Carroll, joined by her husband, Pete Carroll, Lois Kendrick, joined by her husband, Ernest Kendrick, Edith Ballard, joined by her husband, Wesley Ballard, and J. D. Wall, as next friend of his son, James Wall, a minor, filed this suit on August 18, 1934, against appellants,

J. B. McLeod, R. W. Norton, and United Production Corporation, and against J. T. Wall, in the district court of Cass county in trespass to try title, seeking to recover a one-fourth undivided interest in 160 acres of land, said 160-acre tract of land being the northeast ¼ of the Alexander Archer survey in Cass county; or, in the alternative, to recover a one-half undivided interest in the south ½ of said 160-acre tract.

Plaintiffs specially alleged that the 160 acres of land was purchased by J. T. Wall and J. D. Wall (who are brothers) from M. T. McDuff and others November 10, 1917; that J. D. Wall and Annie Wall were then husband and wife; that a one-half undivided interest in the 160-acre tract was community property of J. D. and Annie Wall; that Annie Wall died intestate in October, 1918, and that plaintiffs are the children and sole heirs of the said Annie Wall, deceased.

Plaintiffs further alleged that defendant J. B. McLeod was claiming an interest in the south ½ of said 160 acres by virtue of a guardian's deed executed by J. D. Wall as guardian of the estate of Velma Wall et als., minors (plaintiffs), and purporting to convey plaintiffs' one-half interest in the south ½ of the 160 acres to J. B. McLeod. The orders and judgment of the probate court of Cass county purporting to grant and confirm the conveyance, and said guardian's deed based thereon, were attacked in plaintiffs' petition as being void, upon the ground alleged that no notice or service of citation, as required by R.S. art. 4137, was had authorizing the appointment of a temporary guardian to become or to be made permanent. Plaintiffs' petition further sets out in detail the alleged record of said guardianship proceedings, and asserts certain other irregularities, by virtue of which also it is claimed that said orders and the guardian's deed to McLeod and the oil and gas leases held thereunder by R. W. Norton and United Production Corporation should be declared void.

Defendants' answers contain general denials, pleas of not guilty, pleas of innocent purchasers for value, and pleas of estoppel. The United Production Corporation also filed a cross-action in trespass to try title, specially pleading the 3, 5, and 10 year statutes of limitation (articles 5507, 5509, 5510). The defendant J. T. Wall pleaded that the 160 acres was purchased jointly by J. T. Wall and J. D. Wall, each acquiring a one-half undivided interest therein, and thereafter same was partitioned between them whereby the north ½ of the 160-acre tract was set aside to J. T. Wall and the south ½ was set aside to J. D. Wall; that such partition was fair and equitable, and in accordance with such partition J. T. Wall went into possession of the north ½ and J. D. Wall went into possession of the south ½ and has made valuable and permanent improvements thereon; and prayed that the partition be confirmed.

The petition of plaintiffs, as well as the answers of defendants, contain other matters not necessary at this time to mention.

The case was tried to a jury. In substance, the facts show that J. D. Wall and J. T. Wall acquired title to the 160 acres by deed from M. T. McDuff and others. That the one-half undivided interest thus acquired by J. D. Wall was community property of J. D. Wall and his wife, Annie Wall. That J. D. Wall and J. T. Wall partitioned the 160 acres, whereby J. T. Wall acquired the north ½ and J. D. Wall acquired the south ½ of the 160-acre tract. That Annie Wall died intestate, and plaintiffs as her heirs thereby acquired an undivided one-half interest in the south ½ of the 160 acres. That J. D. Wall, as guardian of the estate of plaintiffs, Velma Wall et al., minors, conveyed plaintiffs' undivided one-half interest in the south ½ of the 160-acre tract to J. B. McLeod. That J. D. Wall individually, and joined by his second wife, Alice Wall, conveyed his undivided one-half interest in the south ½ of the 160-acre tract to J. B. McLeod. R. W. Norton and the United Production Corporation hold oil and gas leases under J. B. McLeod and J. T. Wall. That is to say, title to the north ½ of the 160-acre tract is shown to be in defendant J. T. Wall and his grantees of mineral interest therein. That title to an undivided one-half interest in the south ½ of the 160-acre tract is shown to be in J. B. McLeod and his grantees of mineral interests. And that title to the other one-half undivided interest in the south ½ of the 160-acre tract is shown to be in said defendant J. B. McLeod and his grantees of mineral interests, unless the orders and judgments of the probate court of Cass county purporting to authorize and confirm the sale

318

of said minors' interest, and the guardian's deed executed in pursuance thereof, be declared void.

The original papers in the guardianship of Velma Wall and others, minors (plaintiffs), were shown to be lost, and could not be produced upon the trial of this cause. The minutes and the entries on the judge's docket of the probate court of Cass county were introduced in evidence by plaintiffs, showing:

(1) Application of J. D. Wall for appointment as temporary guardian of the estate of Velma Wall et al., minors (plaintiffs), showing said minors to be under 14 years of age, and praying that citation issue as required by law and that such appointment be made permanent at the next term of said court, filed November 7, 1922.

(2) Order of the court, November 20, 1922, appointing J. D. Wall temporary guardian of the estate of said minors, setting his bond at $500, and appointing appraisers. The order recites that it is made without citation and directs that notice be given, "and it is further ordered that such appointment of guardianship unless contested at the next regular term of the court, after citation, shall be made permanent."

(3) Inventory and appraisement, and order of court approving same, November 20, 1922.

(4) Bond and oath as temporary guardian, with E. C. Wall and J. W. Land as sureties, and order of the court approving same, November 20, 1922.

(5) Application for sale of the minors' interest in the land, and notice in probate thereon, dated January 15, 1924.

(6) Order of the court granting the sale, dated January 21, 1924.

(7) Report of sale, sworn to by J. D. Wall, dated January 19, 1924.

(8) Order of the court approving the sale February 15, 1924.

Plaintiffs introduced in evidence the testimony of Mrs. B. F. Whitworth. She testified that she had been deputy county clerk of Cass county since March, 1931; that she had examined the index to the minutes of the probate court of Cass county covering the period from "November 7, 1922, until the year 1924," and that as pertaining to said guardianship the record of no other matters than those above mentioned appeared in said index during said

period of time; that Volume 14 of said probate minutes is the book in which proceedings of the court had during said period of time were recorded, and that she had examined said Volume 14, and that there did not appear of record therein any matters pertaining to said guardianship other than those above mentioned; that she had not examined any of the other volumes or books containing the records of the probate proceedings of said court.

Plaintiffs also introduced in evidence the testimony of Judge Sam L. Henderson, who testified that he was county judge of Cass county; that he held that office in 1923; that Judge Nelson was county judge of Cass county during the year 1922; that witness had before him the judge's probate docket of said court, and that it showed entries thereon in the guardianship of Velma Wall et al., minors, of (1) order appointing temporary guardian; (2) order approving bond and oath, and inventory and appraisement, November term, 1922; that the next entry was in 1924, being an order granting sale of real estate.

At the close of plaintiffs' case, defendants moved for an instructed verdict, which was overruled. United Production Corporation, at the close of its case on its cross-action, moved for an instructed verdict, which was overruled. At the close of all the evidence, all parties respectively moved for instructed verdict in their favor. Whereupon, the court directed a verdict in favor of defendants, J. T. Wall, R. W. Norton, and United Production Corporation, for the north ½ of the 160-acre tract; and in favor of the defendants J. B. McLeod, R. W. Norton, and United Production Corporation for a one-half undivided interest in the south ½ of the 160 acres (being the interest conveyed to J. B. McLeod by J. D. Wall individually). And the court directed verdict in favor of plaintiffs for a one-half undivided interest in the south ½ of the 160-acre tract, which instruction was based upon a finding that jurisdiction of the probate court of Cass county had not attached in matters of permanent guardianship for want of issuance and service of notice, as required by R.S. art. 4137, authorizing the temporary guardianship of J. D. Wall to become permanent, and that for such reason the orders of said court granting and approving the sale of plaintiffs' interest in the land were void, and likewise the guardian's deed based thereon executed by

J. D. Wall, guardian of the estate of Velma Wall et al., minors, to J. B. McLeod was void, and for like reason the oil and gas lease executed by J. B. McLeod to defendants R. W. Norton and assignment to United Production Corporation were void.

The defendants, J. B. McLeod, R. W. Norton, and United Production Corporation, have appealed, complaining of that part of the judgment awarding plaintiffs recovery of an undivided one-half interest in the south ½ of said 160-acre tract of land.

By appropriate assignments of error appellants challenge the holding of the trial court declaring void and of no force and effect the orders of the probate court of Cass county granting and approving the sale of appellees' interest in the land and the guardian's deed based thereon, and for such reason overruling appellants' motion for an instructed verdict and granting appellees' motion for instructed verdict.

It is the contention of appellants that appellees' attack upon said orders of the probate court is a collateral attack. That in a collateral attack upon the orders of the probate court granting and approving the sale of the land where, as here, nothing to the contrary appears in the record, it is conclusively presumed that notice as required by article 4137 authorizing the temporary guardianship to become permanent was issued and served.

Appellees contend that in showing that neither the judge's probate docket nor the probate minutes contained entry of an order making the temporary guardianship permanent, and in further showing that the probate minutes contained no record of the issuance, service, and return of the notice authorizing the temporary guardianship to become permanent, "is proof that the probate court's jurisdiction never attached," and thereby rendered void the subsequent orders of the court granting and approving the sale of the land, and rendered such orders subject to attack in any proceeding. Stated in other language, it is appellees' contention that showing failure of the judge's probate docket and of the probate minutes to contain entry of an order making the temporary guardianship permanent and failure of the probate minutes to contain a record of the issuance, service, and return of the notice in question, and the original papers being lost, constitutes proof establishing the fact that

such notice was not issued, served, and returned. That is to say, that silence of the record as to the fact of issuance and service of the notice in question renders void the subsequent orders of the court granting and approving the sale of the land.

■ The orders of the probate court granting and approving sale of the land are judgments of a court of general jurisdiction in such matters. Appellees' attack upon said orders of the probate court of Cass county, Tex., is by suit in trespass to try title in the district court of Cass county. "Such an attack in one court upon the judgment of another court is a collateral attack." Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.(2d) 1092, 1096, and authorities there cited. To constitute a "direct" attack upon a judgment the suit must be filed in the same court in which the judgment attacked was rendered. Perdue v. Miller (Tex.Civ.App.) 64 S.W. (2d) 1002. Another test of a "direct" attack is that all parties to be affected must be before the court; appellees did not make the sureties upon the guardian's bond parties to this suit, and for that reason the attack is held to be collateral. Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.(2d) 932; Rodden v. Smith (Tex.Civ. App.) 95 S.W.(2d) 997. So we sustain the contention that appellees' attack upon the orders of the probate court in question is a collateral attack.

Before considering the question with respect to want of notice to authorize the temporary guardianship to become permanent, the following facts will be noted: The appointment and qualification of J. D. Wall as temporary guardian of appellees' estate and entry of record of the proceedings are regular and are not attacked. The record shows an application of J. D. Wall for appointment as temporary guardian, and also contains a prayer that citation issue thereon as required by law, and that such appointment be made permanent. An order of the court granting the application and appointing J. D. Wall temporary guardian, fixing the amount of bond and naming the appraisers, and further expressly ordering and directing that notice be given, and "that such appointment of guardianship unless contested at the next regular term of this court, after service of citation, shall be made permanent." Inventory and appraisement and order of the court approving same. The bond and ap-

proval thereof. The statutory oath by the guardian. No contest to the appointment appears to have been filed. There is no entry on the judge's probate docket nor recorded in the probate minutes of an order making the temporary guardianship permanent. The notice as provided by article 4137 and the sheriff's return thereon are not recorded in the probate minutes. The original papers are shown to be lost, since 1933. But following the temporary guardianship proceedings, had in 1922, there is proof in the record that J. D. Wall continued to act as guardian of the estate of said minors; for in 1924, "J. D. Wall, Guardian of the Estate of Velma, Lois, Edith, and James Wall, Minors," made application to the court to sell his wards' interest in said land. Notice of said application was issued, served, and returned. The court heard, considered, and granted the application authorizing "J. D. Wall, Guardian of Velma Wall et al, Minors," to sell the wards' interest in the land. J. D. Wall, under oath, reports to the court that acting as such guardian and in pursuance to the order of the court he has made sale of the land. The court heard and considered the report, and found "that the sale was fairly and legally made and brought a fair price," and approved the sale, authorizing J. D. Wall, as guardian of the estate of said minors, to make the conveyance. J. D. Wall further continued to act as such guardian, in executing and acknowledging the guardian's deed conveying the land to J. B. McLeod. It does not appear that J. D. Wall has filed a final report or applied for or received a discharge either as temporary or permanent guardian.

■ Entry of a court order is not required to make a temporary guardian permanent. The temporary guardianship becomes permanent by operation of law, after issuance and service of the notice required by article 4137, and no successful contest is made. It is the issuance and service of the notice that operates to make the temporary guardianship become permanent, and entry of a court order to that effect is not required. Burton v. McGuire (Tex.Com.App.) 41 S.W.(2d) 238; Gann v. Kern (Tex.Civ.App.) 249 S.W. 878; 21 Tex.Jur. 246, § 31. Therefore, the orders of the probate court attacked, granting and approving sale of the land, are not rendered void for failure of the probate records to show entry of an order making the temporary guardianship permanent.

■ Failure of the judge's probate docket or of the probate minutes to recite service of the notice in question or to have recorded therein the notice and returns thereon, do not, as contended, affirmatively show that notice was not in fact served. At most it only shows that the record is silent as to the issuance, service, and return of the notice. Silence of the record as to the service and return of the notice does not impeach the judgments granting and approving sale of the land. To sustain a collateral attack upon the ground of lack of notice, the record must *affirmatively* reveal that notice was not in fact served. In State Mortgage Corpn. v. Ludwig, 121 Tex. 268, 48 S.W.(2d) 950, 951, 953, Judge Greenwood said: "The Supreme Court has often repeated its adherence to the rule governing collateral attack of judgments enunciated in Murchison v. White, 54 Tex. [78], 82, that 'the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject matter and the person, can be questioned, is when the record shows *affirmatively* that its jurisdiction did not attach in the particular case.'"

In Sloan v. Woods (Tex.Com.App.) 25 S.W.(2d) 309, Judge Harvey said: "The probate court, within the scope of the powers conferred on it by law, respecting the estates of minors, is a court of general jurisdiction. Its orders, therefore, respecting a subject-matter coming within the scope of these powers, are presumptively valid, and cannot be collaterally attacked unless the record *affirmatively* show an unauthorized exercise of this jurisdiction in the particular case. Weems v. Masterson, 80 Tex. 45, 15 S.W. 590; Martin v. Robinson, 67 Tex. [368], 374, 3 S.W. 550."

For collation of authorities, see 25 Tex. Jur. 703, § 259. The precise question here presented was decided adversely to appellees' contention by the Court of Civil Appeals and the Supreme Court in the case of Hannon v. Henson (Tex.Civ.App.) 7 S.W.(2d) 613, 615; Id. (Tex.Com.App.) 15 S.W.(2d) 579, 584. In that case, one of the grounds of the collateral attack there made was that the probate court was without jurisdiction to enter nunc pro tunc an

order upon the probate minutes making the temporary guardianship permanent, because, it was contended, the probate court was without jurisdiction to make the original order, entry of which original order appeared upon the judge's probate docket, for the reason that notice, as required by article 4137, authorizing the temporary guardianship to be made permanent, had not been served. In that case, as in this case, the original papers were lost. "No citation and no return were ever recorded in the probate minutes and no official record thereof in any form appears to have been made." It will be further noted from the facts in that case that the order entered upon the judge's probate docket making the temporary guardianship permanent did not recite service of the notice in question, or of any character of notice or citation. So in that case, as in this case, the Court of Civil Appeals and the Supreme Court had before them a record that was silent as to service and return of the particular notice here in question, likewise, the contention that such record constituted a showing that jurisdiction of the probate court never attached in permanent guardianship. In overruling the contention, the holding of the Court of Civil Appeals, on motion for rehearing, is to the effect that the fact of rendition and entry of record of a judgment raises the presumption in favor of its validity that the court did its duty ·to inquire into and determine the existence of the facts with respect to notice authorizing the exercise of its jurisdiction in rendering the judgment. The court further said: "It is true that the notice was not recorded in the probate minutes, as the statute requires. But the failure of the clerk to make that entry after the order was made did not impeach the validity of that which the court had jurisdiction to do. The power to make the order depended upon the fact that the legal notice had been given, not upon its record in the court minutes." In affirming the holding of the Court of Civil Appeals, the Commission of Appeals said:

"All presumptions must be indulged in favor of the authority of the court to act at the time it did act, under the facts presented and under the circumstances shown. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329; Weems v. Masterson, 80 Tex. [45], 52, 15 S.W. 590."

And that: "Where the record is *silent* as to facts concerning jurisdiction, it is *conclusively* presumed that all the facts not appearing of record were found by the court in favor of its jurisdiction. Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940; Templeton v. Ferguson, supra; Martin v. Robinson, 67 Tex. [368], 379, 3 S.W. 550; Moore v. Hanscom, 101 Tex. 293, 106 S.W. 876, 108 S.W. 150; Crawford v. McDonald, supra." (Italics ours.)

■ The above holding in Hannon v. Henson is so completely applicable to and decisive of the facts here presented that citation of additional authorities is deemed unnecessary.

Appellees specially assert that their contention is supported by the cases of Threatt v. Johnson (Tex.Civ.App.) 156 S.W. 1137, 1139, and Wilkinson v. Owens (Tex.Civ. App.) 72 S.W.(2d) 330, 334, from this court. It appears from language of the opinions that the records in each of these cases affirmatively reveal that notice was not in fact given. In the Threatt Case, it is said: "The citation here undertaken to be issued so far failed of even a substantial compliance with the requirements as to have the legal effect of being a nullity in this proceeding." In the Wilkinson Case, it is said: "After the appointment of the temporary guardian no notice of citation *in point of fact* appears to have been issued and posted." If the record introduced by appellees had affirmatively revealed that no notice was in fact given, instead of being as it is, silent, then we would have an entirely different question presented, for there is broad difference between a record that affirmatively shows that no service was in fact given and the record that is silent as to the fact of service.

■ Appellees further attack the orders of the probate court, granting and. approving the guardian's sale, for failure to recite that the court had required the guardian to file a sales bond as required by article 4201. This point was decided adversely to appellees' contention by the Commission of Appeals in cases of Sloan v. Woods (Tex.Com.App.) 25 S.W.(2d) 309, 310, and Burton v. McGuire (Tex.Com. App.) 41 S.W.(2d) 238, from which we quote: "It is not thought that the mere fact that an order for the sale fails to show on its face that the court required the guardian to give bond, as prescribed in article 4201, invalidates the sale made in pursuance of such order. The provision that the requirement be stated in the order

is directory. The important thing which the statute requires is the giving of the bond, but, even so, the presumption arises from the decree confirming the sale that this requirement has been fulfilled. This presumption is conclusive as against a collateral attack on the validity of the sale. If, in reality, the court fails to require that the bond be given, and the guardian fails to give it, the sale is thereby rendered voidable. but not void."

 Appellees further attack the orders of the probate court granting and approving the guardian's sale because they bear a file number different from the file number of the temporary guardianship proceedings. It appears that the temporary guardianship proceedings bear file No. 991 and the order granting the sale and the order approving the sale bear file No. 999. We overrule this contention of appellees on the authority of Pure Oil Co. v. Clark (Tex.Civ.App.) 56 S.W.(2d) 853.

The guardian's deed recites that the order granting the sale was made January 24, 1924. The date of that order, as appears in the probate minutes, is January 21, 1924. The deed also recites that date of the order approving the sale was February 6, 1924, whereas the minutes show the date of said order to be February 15, 1924. Appellees contend that the deed, by reason of incorrectly stating the dates of said orders, refers to orders not found in the record, and for such reason the deed is void. The fact that there is found in the record in the probate minutes the orders of the court granting and approving the particular sale described in the guardian's deed is sufficient support for the deed, notwithstanding its incorrect recital of the dates of such orders.

Judgment of the trial court awarding plaintiffs recovery is reversed, and judgment is here rendered that plaintiffs take nothing by reason of their suit. Judgment is also rendered in favor of United Production Corporation on its cross-action. The judgment of the trial court awarding defendants recovery, as specified in the judgment, is not disturbed.

On Motion for Rehearing.

On motion for rehearing in this case, appellees allege that in our summary of the testimony of Mrs. B. F. Whitworth we misquoted the facts testified to by her. We have again carefully examined her testimony as recorded in the statement of facts and think that its substance is fairly stated in the opinion. On the issue to which her testimony relates, we made the express finding as follows: "There is no entry on the judge's probate docket, nor recorded in the probate minutes, of an order making the temporary guardianship permanent. The notice as provided by article 4137 and the sheriff's returns thereon are not recorded in the probate minutes." This finding is all that appellees claim the evidence showed. But to eliminate any question of doing violence to the facts of appellees' cause or to the testimony of Mrs. Whitworth, the following language is stricken from our summary of the testimony of Mrs. Whitworth appearing in the original opinion; namely: "* * * And could not say but that some of them may contain a record of other matters in said guardianship."

The motion for rehearing is overruled.